**Velessa HATHAWAY, Appellant,**

v.

**Audra J. ECKERLE (Judge, Jefferson Circuit Court), Appellee.**

**and**

**Commonwealth Dodge, LLC, Real Party in Interest.**

No. 2010–SC–000457–MR.

Supreme Court of Kentucky.

March 24, 2011.

David Bradley Mour, Zachary LeRoy Taylor, Borowitz & Goldsmith, PLC, Louisville, KY, Counsel for Appellant.

M. Thurman Senn, Morgan & Pottinger, P.S.C., Louisville, KY, Counsel for Real Party in Interest.

Opinion of the Court by Justice VENTERS.

Appellant, Velessa Hathaway, appeals as a matter of right from a Court of Appeals order denying her petition for intermediate relief against an opinion and order by Appellee, Judge Audra J. Eckerle of the Jefferson Circuit Court. Appellee's order directed that Appellant must arbitrate her dispute with Real Party in Interest, Commonwealth Dodge, LLC, pursuant to an arbitration clause included in a vehicle purchase agreement signed by Appellant. Appellant petitioned the Court of Appeals for a writ of prohibition, arguing that the circuit court was acting outside of its jurisdiction because the arbitration clause did not satisfy the requirements of KRS 417.050 or KRS 417.200, that she had no adequate remedy by appeal, and that she would suffer great injustice and irreparable injury if forced to arbitrate. The Court of Appeals denied Appellant's petition.

Appellant now argues that we should reverse the Court of Appeals and grant a writ of prohibition against Appellee. For the reasons set forth herein, we affirm the Court of Appeals.

## I. FACTUAL BACKGROUND

In 2009, Appellant purchased a used 2007 Dodge Charger from Commonwealth Dodge. Before completing the purchase, Appellant alleges that one of Commonwealth Dodge's agents represented to her that the Charger had no history of repairs, and that she relied on that representation. Appellant then executed a retail sales installment contract, traded in her vehicle as a down-payment, and applied for financing. Among the documents Appellant signed to complete the transaction was a vehicle purchase agreement which included the following arbitration clause, situated directly above the signature line, in all capital letters:

> BUYER AND SELLER AGREE THAT INSTEAD OF LITIGATION IN COURT, ANY DISPUTE, CONTROVERSY, OR CLAIM RELATING IN ANY WAY TO THE SALE, LEASE, FINANCING, SERVICING, OR PERFORMANCE OF THIS VEHICLE, TO THIS AGREEMENT (OR BREACH THEREOF), OR TO THE NEGOTIATIONS AND AGREEMENTS LEADING TO THIS TRANSACTION, OR TO ANY OTHER DOCUMENTS RELATING TO THIS TRANSACTION (INCLUDING THE RETAIL INSTALLMENT CONTRACT OR LEASE AGREEMENT) SHALL BE SETTLED BY FINAL BINDING ARBITRATION ACCORDING TO THE FEDERAL ARBITRATION ACT AND ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS COMMERCIAL ARBITRATION RULES. SUCH ARBITRATION SHALL BE CONDUCTED IN THE COUNTY IN WHICH THE DEALERSHIP IS LOCATED. EACH PARTY SHALL PAY ITS OWN COSTS. JUDGMENTS AWARDED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF. ONLY IF AGREEABLE TO BOTH PARTIES, AN ALTERNATIVE FORM OF ARBITRATION MAY BE CHOSEN.

Shortly after the purchase, Appellant discovered that the Charger had been repaired several times by Commonwealth Dodge. When she attempted to rescind the contract, Commonwealth Dodge refused to rescind the deal or return Appellant's original vehicle to her.

Appellant then filed suit in the Jefferson Circuit Court against Commonwealth Dodge alleging fraud, conversion of her vehicle, violations of Kentucky's Motor Vehicle Installment Sales Contract Act, violations of the federal Truth in Lending Statute, violations of Kentucky's usury and small loan statutes, breach of warranty and breach of Kentucky's Consumer Protection Act. Commonwealth Dodge moved to compel arbitration based on the arbitration clause in the vehicle purchase agreement. Appellee granted Commonwealth Dodge's motion and ordered the parties to arbitration.

Appellant next filed a petition for a writ of prohibition with the Court of Appeals to prevent arbitration, arguing that the circuit court did not have jurisdiction because the arbitration clause did not specifically designate Kentucky as the location for the arbitration. See KRS 417.200; *Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451 (Ky. 2009). The Court of Appeals denied her petition, finding that the statement in the arbitration clause, "SUCH ARBITRATION SHALL BE CONDUCTED IN THE COUNTY IN WHICH THE DEALERSHIP IS LOCATED," coupled with the reference in the sales documents plainly indicating that Commonwealth Dodge was located in Kentucky, fully complied with KRS 417.200's requirement that the agree-

ment "provid[e] for arbitration in this state." She now appeals to this Court.

■ As an initial matter, we note that a writ of prohibition is only warranted when: 1) the lower court is proceeding or is about to proceed outside its jurisdiction and there is no remedy through an application to an intermediate court; or 2) the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise a great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

## II. THE ARBITRATION CLAUSE IS GOVERNED BY THE FEDERAL ARBITRATION ACT AND THUS APPELLEE DID NOT ACT OUTSIDE OF HER JURISDICTION BY ORDERING THE PARTIES TO ARBITRATE

■ Appellant first argues that the arbitration clause in question does not satisfy the Kentucky Arbitration Act's jurisdiction statute, KRS 417.200, and thus Appellee had no subject matter jurisdiction to order the parties to arbitration. KRS 417.200 states:

The term 'court' means any court of competent jurisdiction of this state. The making of an agreement described in KRS 417.050 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereafter.

Based on this statutory language, we held in *Ally Cat*, 274 S.W.3d at 455, that under the Kentucky Arbitration Act:

[s]ubject matter to enforce an agreement to arbitrate is conferred upon a Kentucky court only if the agreement provides for arbitration in this state.

Thus, an agreement to arbitrate which fails to include the required provision for arbitration within this state is unenforceable in Kentucky courts.

In *Ally Cat*, the arbitration clause was governed by the Kentucky Arbitration Act and failed to provide that the arbitration was to occur in Kentucky. Accordingly, we held that the statute failed to confer jurisdiction on the court to enforce the agreement to arbitrate. *Id.*

However, unlike the arbitration clause in *Ally Cat*, the agreement now before this Court includes a "choice of law" provision selecting the Federal Arbitration Act as the law governing any dispute between the parties. Therefore, since choice of law provisions are generally valid in arbitration clauses, the Federal Arbitration Act governs the arbitration clause in this matter. *Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335, 341 (Ky.App.2001) (citing *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)) (stating that choice of law provisions in arbitration agreements are to be generally upheld); *see also Stout v. J.D. Byrider*, 228 F.3d 709 (6th Cir.2000) (applying the Federal Arbitration Act to an arbitration clause in an agreement between an Ohio car dealership and an Ohio citizen).

■ As we noted in *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682, 687 (Ky. 2010), when arbitration "agreements explicitly require that disputes be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., we need not consider Kentucky's Uniform Arbitration Act...." Therefore, "*Ally Cat* has no applicability to an arbitration agreement governed exclusively by the Federal Arbitration Act." *Id.*, n. 8. Applying that same logic to the current matter, we conclude that *Ally Cat* has

no applicability to the arbitration clause between Appellant and Commonwealth Dodge and that the Federal Arbitration Act gives the circuit court subject matter jurisdiction to enforce the arbitration clause.

Despite our conclusion that the agreement is subject to the Federal Arbitration Act rather than the Kentucky statute, we agree with the Court of Appeals's analysis regarding the adequacy of the language designating Kentucky as the site of the arbitration. By designating the "COUNTY IN WHICH [COMMONWEALTH DODGE] IS LOCATED" as the venue for the arbitration, and where it is not doubted that the dealership is located in Kentucky, the agreement "provides for arbitration in this state." The language would satisfy the jurisdictional prerequisite imposed by KRS 417.200 in cases where the Kentucky law was applicable.

### III. NO GROUNDS EXIST AT LAW TO REVOKE THE VEHICLE PURCHASE AGREEMENT

Appellant next argues that the vehicle purchase agreement fails to satisfy KRS 417.050 because "grounds exist at law for [the] revocation of [the vehicle purchase agreement] contract." However, as explained in the prior section, the arbitration agreement is governed by the Federal Arbitration Act and not the Kentucky Arbitration Act. We therefore review this argument under the corresponding section of the Federal Arbitration Act, 9 U.S.C. § 2, to determine whether "grounds exist at law for revocation" of the arbitration clause.

Under the Federal Arbitration Act, general contract principles apply in determining the enforceability an arbitration clause. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443–444, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). Along these lines, Appellant argues that the arbitration clause is unconscionable because: 1) the arbitration clause prevents her from recovering "costs"; 2) the arbitration clause is one-sided and is one of adhesion; and 3) she was not told by Commonwealth Dodge the implications of signing the vehicle purchase agreement or the arbitration clause.[1]

The doctrine of unconscionability is:

used by the courts to police the excesses of certain parties who abuse their right to contract freely. It is directed against one-side, oppressive and unfairly surprising contracts, and not against the consequences per se of uneven bargaining power or even a simple old-fashioned bad bargain. An unconscionable contract has been characterized as one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept on the other.

*Conseco*, 47 S.W.3d at 342 (internal citations omitted). Upon a review of Appellant's arguments, it is clear that the arbitration clause does not rise to the standard of unconscionability as defined by *Conseco*.

First, Appellant argues that the arbitration clause prevents her from recovering her litigation "costs," because it states, "EACH PARTY SHALL PAY ITS OWN

---

1. Appellant briefly states that the arbitration clause is void because she rejected or revoked the vehicle purchase agreement by returning the Charger to Commonwealth Dodge. However, " 'challenges seeking to *avoid* or *rescind* a contract' containing an arbitration provision are subject to arbitration." *Celtic Life Ins. Co. v. Lindsey*, 765 So.2d 640, 642 (Ala. 2000) (quoting *Three Valleys Municipal Water District v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140 (9th Cir.1991)).

COSTS." We read this provision as simply a reference to the general principle that a party must front its own costs for litigation. The American Arbitration Association's Commercial Arbitration Rules give the arbitrator broad discretion to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties ... the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate ... in the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R–49, R–50, and R–51 ... the award of the arbitrator(s) may include ... an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." American Arbitration Association Rule R–43. Thus, the arbitration clause does not preclude Appellant from receiving reimbursement for her costs.

■ Second, Appellant argues that the arbitration clause is one-sided because the language "SUCH ARBITRATION SHALL BE CONDUCTED IN THE COUNTY IN WHICH THE DEALERSHIP IS LOCATED" allows Commonwealth Dodge to choose the forum for arbitration by moving the dealership to a different state, while she has no control over where the arbitration will occur. However, there is nothing in the record that Commonwealth Dodge has moved or is attempting to move. Nor is it reasonable to assume that Commonwealth Dodge would consider moving its dealership to another state simply to control the site of where arbitration would occur, either in this, or any other case. Finally, a reasonable interpretation of the clause fixes the venue for arbitration as the county in which the dealership was located at the time the contract was made. This argument is without merit.

■ Appellant also argues that the arbitration clause lacks mutuality because under the "Retail Installment Contract and Security Agreement," Commonwealth Dodge can sue Appellant in a court of law, but she is denied the reciprocal right. However, as stated in *Conseco,* "there is no inherent reason to require that the parties have equal arbitration rights." *Conseco,* 47 S.W.3d at 343 (holding that Conseco could seek court remedies for enforcement of its security interest in a mobile home without rendering the arbitration clause unenforceable). The potential for uneven remedies does not render the arbitration clause unconscionable.

■ Third, Appellant argues that the arbitration clause is one of adhesion and since she alleges violations of the Kentucky Consumer Protection Act, KRS Chapter 367, enforcing the clause would violate her jural rights. We noted in *Conseco* that alleged violations of the Kentucky Consumer Protection Act did not preclude arbitration. *Conseco,* 47 S.W.3d at 341 (stating plaintiffs "have advanced no reason to conclude that arbitration is inherently incompatible with the [Kentucky Consumer Protection Act's] purposes"). We agree with the conclusion drawn in *Conseco.*

■ Finally, Appellant argues that the arbitration clause is unconscionable because Commonwealth Dodge never told her that signing the vehicle purchasing agreement would result in a waiver of her right to trial by jury and appeal. But, "[i]t is the settled law in Kentucky that one who signs a contract is presumed to know its contents, and that if he has an opportunity to read the contract which he signs he is bound by its provisions, unless he is misled as to the nature of the writing

which he signs or his signature has been obtained by fraud." *Clark v. Brewer*, 329 S.W.2d 384, 387 (Ky.1959). Since Appellant presents no evidence that Commonwealth Dodge attempted to conceal the arbitration clause, deceive her, or fraudulently induced her to sign the agreement, we find her argument meritless.

Thus, we conclude that the arbitration clause is not unconscionable and may be enforced by the Jefferson Circuit Court.

### IV. THE ARBITRATION CLAUSE COVERS ALL OF THE CLAIMS WHICH APPELLANT ASSERTS IN HER COMPLAINT

█ Appellant finally argues that even if the circuit court had subject matter jurisdiction to enforce the arbitration clause, she is entitled to intermediate relief because the arbitration clause does not cover all of the claims asserted in her complaint. However, the scope of the arbitration clause between Appellant and Commonwealth Dodge is extremely broad covering,

  ... ANY DISPUTE, CONTROVERSY, OR CLAIM RELATING IN ANY WAY TO THE SALE, LEASE, FINANCING, SERVICING, OR PERFORMANCE OF THIS VEHICLE, TO THIS AGREEMENT (OR BREACH THEREOF), OR TO THE NEGOTIATIONS AND AGREEMENTS LEADING TO THIS TRANSACTION, OR TO ANY OTHER DOCUMENTS RELATING TO THIS TRANSACTION (INCLUDING THE RETAIL INSTALLMENT CONTRACT OR LEASE AGREEMENT)....

We find that all of the claims Appellant raises against Commonwealth Dodge stem from the sale of the vehicle or the associated negotiations leading to the sale, and thus are covered by the arbitration clause. Appellant is not entitled to intermediate relief.

### CONCLUSION

For the above-stated reasons, the order of the Court of Appeals denying the petition for a writ of prohibition is affirmed.

All sitting. All concur.