MHC KENWORTH–
KNOXVILLE/NASHVILLE, Appellant

v.

M & H TRUCKING, LLC; and
Mike Hall, Appellees.

No. 2011–SC–000441–DG.

Supreme Court of Kentucky.

Feb. 21, 2013.

Randall Scott May, Barrett, Haynes, May & Carter, PSC, Hazard, KY, Counsel for Appellant.

Adam Peter Collins, Collins & Collins PSC, Hindman, KY, Counsel for Appellees.

Opinion of the Court by Justice NOBLE.

This case presents a simple issue: Can Kentucky's courts enforce an arbitration

agreement that fails to require the arbitration to be held in this state but states that the Federal Arbitration Act governs its interpretation and enforcement? Based on our recent precedent, the answer is yes.

## I. Background

This case arises from the sale of a truck by Appellant MHC Kenworth–Knoxville/Nashville, to Appellee M & H Trucking, LLC, a company based out of Knott County, Kentucky, and apparently owned and operated by Mike Hall and Harold Hall.[1] A salesman for MHC Kenworth, Vance Suratt, went to the garage of M & H Trucking to try to sell the company a new truck. A deal was reached for a truck with certain options at a specific price. The parties executed a document titled "Customer Sales Order," which was signed by Suratt on behalf of MHC Kenworth, and by Mike Hall and Harold Hall.

The Customer Sales Order was a one-page document with terms written on both sides. The Halls signed both sides of the document. At the bottom of the first page, in all-capital letters and set off from the rest of the text, is the following: "THIS ORDER CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." That provision appears on the second page and reads as follows:

> 11. ARBITRATION: Any controversy or claim *arising out of or relating to this Order* shall be decided by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, subject to the limitations and restrictions set forth in this Paragraph 11. A demand for arbitration shall be made within a reasonable time after a controversy or claim has arisen and in no event shall be made after the date when institution of legal or equitable proceedings based up such claim or controversy would be barred by the applicable statute of limitations. The arbitrator(s) shall have no authority to award punitive or other damages not measured by the prevailing party's actual damages. *The parties acknowledge and agree that this Order evidences a transaction involving interstate commerce. Accordingly, the United States Arbitration Act (Title 9 of the United States Code) shall govern the interpretation, enforcement and proceedings pursuant to the arbitration provisions of this Order.* The place of arbitration shall be the American Arbitration Association's office closest to the location of Dealer designated on the front side hereof. The parties shall be entitled to discover all documents and information reasonably necessary for a full understanding of any relevant issue raised in the arbitration. Regardless of any term or provision herein to the contrary, claims for contribution or indemnity filed by a party in any lawsuit or action filed or asserted by a third party on account of personal injury or death of any person or damage to property shall not be subject to the terms and provisions of this Paragraph 11. The award rendered by the arbitrator(s) shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(Emphasis added.)

When the truck was delivered, the Halls were dissatisfied. They claimed that they

---

1. Though it is not clear from the record, Mike and Harold Hall appear to be the owners of M & H Trucking, as their signatures appear on the various documents related to the sale, and Mike Hall signed the complaint on behalf of himself and M & H Trucking that started this litigation.

had ordered a premium model of the truck but that the delivered truck was a far-less-valuable, stripped-down version. After several unsuccessful attempts to resolve the situation, the Halls believed they had been subjected to a fraudulent bait-and-switch scheme.

Mike Hall, on behalf of himself and M & H Trucking, filed suit against MHC Kenworth,[2] proceeding pro se initially. The complaint alleged fraud and intentional misrepresentation.

MHC Kenworth moved the trial court to stay the litigation and compel arbitration under the arbitration clause in the Customer Sales Order. Hall and M & H Trucking, then represented by counsel, responded that the arbitration agreement was invalid under Kentucky law. They also stated that MHC Kenworth had "offered no evidence to prove the document attached to the ... Motion [for arbitration] was actually signed by the Plaintiffs" and that the order had not been notarized nor had evidence, such as an affidavit, been produced to show that they had signed the agreement.

The trial court, in a short order, denied the motion to compel arbitration and allowed the litigation to proceed. MHC Kenworth took an appeal with the Court of Appeals.

The Court of Appeals affirmed, finding that the case was controlled by *Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451 (Ky. 2009), which held that the Kentucky courts have no jurisdiction to enforce an arbitration agreement under the Kentucky Arbitration Act unless the agreement provides that the arbitration will occur in Kentucky. Because the arbitration provision in this case did not require the arbitration to occur in Kentucky, and because the arbitration would be held in Georgia (the location of the American Arbitration Association office closest to the location of MHC Kenworth), the court held that the trial court was correct and that the arbitration provision could not be enforced to bar the lawsuit.

One judge dissented and argued that because the arbitration provision stated that the Federal Arbitration Act applied, the case was controlled by this Court's then-recent decision in *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682, 687 (Ky. 2010), which stated that "*Ally Cat* has no applicability to an arbitration agreement governed exclusively by the Federal Arbitration Act." *Id.* at 687 n. 8.

MHC Kenworth sought discretionary review from this Court, which was granted.

## II. Analysis

As noted above, the legal issue in this case is straightforward: Is an arbitration agreement providing that it is controlled by the Federal Arbitration Act enforceable in the Kentucky courts? The answer is yes. However, before explaining that answer, another issue must be discussed, namely, whether there is prima facie proof of an agreement between the parties. Again, the answer is yes, which is explained below.

### A. The parties have a facially valid arbitration agreement.

█ Before examining the merits of an arbitration agreement, a court must first determine the validity of that agreement as a threshold matter. *E.g., General Steel Corp. v. Collins*, 196 S.W.3d 18, 20 (Ky. App.2006) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct.

---

**2.** The sales person, Vance Suratt, was also named, both individually and as an agent of MHC Kenworth.

1920, 131 L.Ed.2d 985 (1995)). This is true under both the Federal and Kentucky Arbitration Acts. *See* 9 U.S.C. § 4 (requiring the court to be "satisfied that the making of the agreement for arbitration ... is not in issue" before ordering arbitration and giving the trial court the power to decide that issue by summary trial); KRS 417.060(2) (allowing a stay of arbitration if there is a "substantial and bona fide dispute" as to the existence of an arbitration agreement and requiring the issue to be "forthwith and summarily tried").

M & H Trucking[3] has suggested that there was no valid agreement between it and MHC Kenworth. However, it has never expressly made that claim. While it has stated that it "ha[s] contested the existence of an arbitration agreement," the closest it has come to actually making that claim is its repeated assertion that MHC Kenworth has not proved that the agreement was made. This argument borders on the disingenuous.

■■ While there is no question "that the party seeking to enforce an agreement has the burden of establishing its existence, ... once prima facie evidence of the agreement has been presented, the burden shifts to the party seeking to avoid the agreement." *Louisville Peterbilt, Inc. v. Cox,* 132 S.W.3d 850, 857 (Ky.2004). A party "me[ets] the prima facie burden by providing copies of [a] written and signed agreement[ ] to arbitrate." *Id.* MHC Kenworth has done so here, having provided a signed copy of the Customer Sales Order with the arbitration provision. The burden has thus shifted to M & H Trucking to prove there is no agreement, which this Court has described as "a heavy burden." *Id.*

M & H Trucking has done nothing to meet this heavy burden, except to claim that MHC Kenworth has failed to meet its burden. That is not evidence. Moreover, MHC Kenworth needed only to make a prima facie showing, which it has done. Thus, the agreement is facially valid.

**B.  The arbitration agreement is enforceable in Kentucky's courts.**

■■ As to the main issue, M & H Trucking argues that the arbitration agreement is controlled by *Ally Cat, LLC v. Chauvin,* which held that an arbitration agreement is unenforceable under the Kentucky Arbitration Act unless it specifically states that the arbitration is to be held in Kentucky. *Ally Cat,* 274 S.W.3d at 455. M & H Trucking points out that the arbitration provision in this case fails to require the arbitration to be held in this state.

■■ M & H Trucking's brief, like the Court of Appeals below, fails to recognize our recent line of cases holding that "we need not consider Kentucky's Uniform Arbitration Act" when "the agreement[ ] explicitly require[s] that disputes be governed by the Federal Arbitration Act." *Ernst & Young, LLP v. Clark,* 323 S.W.3d 682, 687 (Ky.2010). Instead, when the agreement "includes a 'choice of law' provision selecting the Federal Arbitration Act as the law governing any dispute between the parties ... the Federal Arbitration Act governs the arbitration clause." *Hathaway v. Eckerle,* 336 S.W.3d 83, 87 (Ky.2011). We have gone so far as to state expressly that "*Ally Cat* has no applicability to an arbitration agreement governed exclusively by the Federal Arbitration Act." *Ernst & Young,* 323 S.W.3d at 687 n. 8.

The Customer Sales Order's arbitration provision in this case specifically states that "the United States Arbitration Act

---

**3.**  The remainder of this opinion uses "M & H    Trucking" to refer to both Appellees.

(Title 9 of the United States Code) shall govern the interpretation, enforcement and proceedings pursuant to the arbitration provisions of this Order." Thus, like in *Ernst & Young* and *Hathaway*, the Federal Arbitration Act controls, not the Kentucky Arbitration Act, and the circuit court has jurisdiction to enforce the arbitration provision. *Ernst & Young*, 323 S.W.3d at 687; *Hathaway*, 336 S.W.3d at 88.

### III. Conclusion

MHC Kenworth has made a prima facie showing of an agreement requiring arbitration of the dispute between parties. Because that agreement states that the Federal Arbitration Act controls, the Knott Circuit Court has jurisdiction to enforce it, unless M & H Trucking can meet its heavy burden to show there is no valid agreement. The judgment of the Court of Appeals is, therefore, reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, SCOTT and VENTERS, JJ., sitting. All concur.