RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0823-MR

MASON TEEL                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 22-CI-000282


SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC; AND
HYUNDAI CAPITAL AMERICA, INC.                                       APPELLEES


OPINION
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND ECKERLE, JUDGES.

CALDWELL, JUDGE: Mason Teel ("Teel") seeks review of a trial court order

which states: "Plaintiff's [Teel's] claims against Safe Guard [sic] are hereby

DISMISSED pending arbitration of the dispute." Because this order was not a

final and appealable order, we must DISMISS Teel's appeal.

# FACTS

Teel bought a used vehicle from a dealership in Kentucky and secured financing. Teel also paid for a Power Protect Guaranteed Asset Protection ("GAP") plan. Teel viewed the GAP plan as an insurance policy "designed and intended to protect him by covering the gap between what his auto insurance paid in the event of a total loss and the remaining payoff amount of the Vehicle's loan or financing agreement."

Unfortunately, Teel was involved in an automobile accident and his "auto insurance agency deemed his Vehicle a total loss." Teel alleged that even after the lender received his auto insurance proceeds, Teel still owed money to the finance company. So, he filed a GAP claim, which was denied.

Teel filed suit against two defendants, alleging his GAP claim was wrongfully denied. He attached to his complaint two pages of documents consisting of a Vehicle Service Contract and a Guaranteed Asset Protection Deficiency Waiver Addendum.

Defendant Hyundai Capital America, Inc. ("Hyundai") filed a motion to dismiss Teel's claims with prejudice. It claimed it was not a party to any contract at issue in the action. The trial court denied Hyundai's motion to dismiss.

The other defendant, Safe-Guard Products International, LLC ("Safe-Guard"), filed a separate Motion to Dismiss and Compel Arbitration. Safe-Guard denied, *inter alia*, that the GAP plan was an insurance policy. Safe-Guard also argued Teel had agreed to submit any disputes relating to GAP to binding arbitration.

Safe-Guard contended the GAP agreement was governed by the Federal Arbitration Act and argued the trial court should enter an order compelling arbitration and dismiss Teel's claims against it with prejudice. It attached to its motion a five-page document labeled as a Deficiency Waiver Addendum and containing an Arbitration Procedure provision. (One page was signed by Teel and the arbitration provision appeared among some unsigned pages.)

Teel filed a response to Safe-Guard's motion. He asserted he signed a one-page GAP agreement. He stated he did not receive a copy of any arbitration provision and was not told he was waiving rights to a jury trial by executing GAP documents. He attached a supporting affidavit.

Teel argued there was no valid agreement to arbitrate and that the arbitration provision was unconscionable. He also cited Kentucky law indicating that arbitration provisions in insurance contracts were invalid.

The trial court granted Safe-Guard's Motion to Dismiss and Compel Arbitration in a brief order. It specifically dismissed Teel's claims against Safe-

Guard. Its order does not state whether the dismissal was with or without prejudice. But it stated the dismissal of claims against Safe-Guard was "pending arbitration of the dispute."[1]

## ANALYSIS

### Trial Court's Order is Not Final and Appealable

Teel raises several interesting issues in his appellate brief – many of which mirror the arguments he raised before the trial court. He also asserts on appeal that because the arbitration provision did not require that arbitration occur in Kentucky,[2] the trial court lacked subject matter jurisdiction to enforce the alleged arbitration agreement. *See Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451,

---

[1] As reflected by the circuit clerk's certification of the record, no recordings of trial court hearings were included in the record on appeal. So, we have been unable to review any oral discussions between the trial court and the parties.

[2] Neither party fully complied with applicable appellate briefing rules. For example, Teel's initial appellant brief – filed in late 2022 – failed to comply with preservation statement requirements. *See* former Rule of Civil Procedure ("CR") 76.12(4)(c)(v) (in effect when red appellant brief was filed and requiring that appellant brief "shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."); *see also* Rules of Appellate Procedure ("RAP") 32(A)(4) (effective January 1, 2023). And Safe-Guard's Appellee Brief, filed after the Kentucky Rules of Appellate Procedure took effect, fails in several instances to comply with RAP 41(A)(4)'s requirement that an unpublished appellate opinion be cited for consideration only with a clear statement that "the opinion is not binding authority." Both parties' attorneys are advised to exercise greater care to comply with appellate briefing rules in the future as substantial failures to comply with these rules can result in serious consequences such as briefs being stricken. *See, e.g.*, RAP 31(H). Furthermore, the failure to show if and how an issue was preserved for review, can affect the standard of review applied on appeal – especially if the appellant fails to request palpable error relief on unpreserved issues. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

455-56 (Ky. 2009) (citing KRS[3] 417.200).[4]  However, we must decline to reach the merits of these issues because the challenged order was not final and appealable.

Though the trial court's challenged order may not explicitly "compel" arbitration, the substance of its order dismissing Teel's claims against Safe-Guard "pending arbitration" amounted to compelling arbitration according to our precedent.  *See Padgett v. Steinbrecher*, 355 S.W.3d 457, 461 (Ky. App. 2011) ("we construe Padgett's motion to dismiss in favor of arbitration as a motion to compel arbitration and, similarly, the circuit court's order denying Padgett's motion as an order denying a motion to compel arbitration").

Orders compelling arbitration are non-final orders which are not immediately appealable,[5] regardless of their merits, according to binding precedent from our Supreme Court:

---

[3] Kentucky Revised Statutes.

[4] "Subject matter jurisdiction to enforce an agreement to arbitrate is conferred upon a Kentucky court only if the agreement provides for arbitration in this state. . . .  When the issue arises prior to the arbitration hearing, as it has in this case, and the agreement upon which arbitration is sought fails to comply with the literal provisions of KRS 417.200, the courts of Kentucky are, pursuant to KRS 417.200, without jurisdiction to enforce the agreement to arbitrate." *Ally Cat*, 274 S.W.3d at 455-56.

Unlike other appellate issues, subject matter jurisdiction can be raised at any time and may be properly raised for the first time on appeal.  *See, e.g.*, *Privett v. Clendenin*, 52 S.W.3d 530, 532 (Ky. 2001).

[5] Though orders compelling arbitration are not immediately appealable, other litigants have sought relief from such orders via petitions for writs rather than direct appeals. *See Hathaway v. Eckerle*, 336 S.W.3d 83, 85 (Ky. 2011*)* ("Appellant petitioned the Court of Appeals for a writ of prohibition, arguing that the circuit court was acting outside of its jurisdiction because the

Procedurally, under state law regarding arbitration, if a court finds that as a matter of state contract law there is no arbitration agreement and denies the application to compel arbitration, the moving party may file an immediate appeal under KRS 417.220(1)(a), if the agreement is subject to the Kentucky Uniform Arbitration Act, or under Civil Rule 65.09, if the agreement is subject to the Federal Arbitration Act, *see North Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010). **There is no like provision in the statutes to allow a party against whom arbitration is wrongfully ordered to take an immediate appeal, nor have we read the Civil Rules to allow one. Instead, any appeal of the trial court's contract decision must come in a direct appeal of the ruling after the case is final**. . . .

. . . Taylor asked the trial court to set aside its prior ruling on the ground that the finding that there was an arbitration agreement was erroneous. He did not move the court to vacate or modify the award, and thus the timing provisions of 9 U.S.C. §§ 91-1 and KRS 417.050-.070 do not apply. The case was not at that point final. To reach finality, the trial court would have to confirm, modify or correct the arbitration award and enter a judgment in conformity therewith. *See* 9 U.S.C. § 13; KRS 417.180. The trial court did not do this.

In fact, the state law question of whether there was an arbitration agreement was once again raised to the court. There is nothing in the law that prevents a litigant from renewing a motion to the trial court before finality of the case. Until a final judgment is entered, all rulings by a court are interlocutory, and subject to revision. *See* CR 54.02(1). . . .

---

arbitration clause did not satisfy the requirements of KRS 417.050 or KRS 417.200 . . . .”). We express no opinion on whether Teel could meet the standard for obtaining such a writ. *See id*. at 87 (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004)).

> Indeed, efficient judicial process mandates that a trial court correct an erroneous ruling before finality when possible. There is an expectation that trial courts will apply the correct law to matters before it. Certainly, if a court believes before finality that it has made an error in the law, it is incumbent upon the court to correct the matter. . . . To fail to do so strikes at the heart of what it means to get a fair trial in a court of law. After finality, the question becomes a matter for the appellate courts, which may be avoided by correct trial court action.

*JPMorgan Chase Bank, N.A. v. Bluegrass Powerboats*, 424 S.W.3d 902, 907-09 (Ky. 2014) (emphasis added) (footnote and some citations omitted). *See also Linden v. Griffin*, 436 S.W.3d 521, 524-25 (Ky. 2014).

Despite such precedent holding that orders compelling arbitration are not final and not immediately appealable, Teel argues that the order here was final and appealable because a motion to dismiss was also granted, citing *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015). But *Whisman* is distinguishable because the trial court there actually initially dismissed entire cases. *See id.* at 331 (accepting that trial court's initial orders granting motions to dismiss cases and compelling arbitration were final, despite lack of language in orders designating them as "final and appealable").[6]

---

[6] *Whisman* was vacated in part and reversed in part on other grounds (not issues about whether an order was final and appealable) in *Kindred Nursing Centers Ltd. Partnership v. Clark*, 581 U.S. 246, 137 S. Ct. 1421, 197 L. Ed. 2d 806 (2017).

In contrast, the trial court here only dismissed – pending arbitration – Teel's claims against Safe-Guard.  Meanwhile, Teel's claims against Hyundai were not dismissed and were not affected by the challenged trial court order.  So, the challenged trial court order did not adjudicate all the rights and claims of all the parties in the action.  Nor did the order state there was no just reason for delay or contain any CR 54.02 language indicating the trial court intended to render a final judgment concerning some but not all claims or parties.  *See* CR 54.01;[7] CR 54.02.[8]  Thus, the challenged trial court order here was not final and appealable.

Not only is *Whisman* distinguishable because of the dismissal of entire cases rather than the dismissal of claims solely against one of multiple defendants, but *Whisman* did not address whether the trial court's orders dismissing cases and compelling arbitration were appealable.  Instead, it considered whether the trial

---

[7] CR 54.01 states in pertinent part:  "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02."

[8] CR 54.02(1) states:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay.  The judgment shall recite such determination and shall recite that the judgment is final.  In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

court had jurisdiction to grant CR 60.02 relief from these orders and whether it abused its discretion in granting such relief.

The *Whisman* opinion actually resolved appeals from three separate trial court cases. In one case, the trial court had denied a motion to dismiss and compel arbitration. 478 S.W.3d at 316. In the other two cases, the trial court initially entered orders dismissing cases and compelling arbitration but then granted CR 60.02 motions for relief from final judgments and reversed its prior rulings. *Whisman*, 478 S.W.3d at 317-18.

Our Supreme Court declared only that the initial orders dismissing cases and compelling arbitration were final such that the trial court had jurisdiction to entertain CR 60.02 motions for relief from final judgments. *See Whisman*, 478 S.W.3d at 331-32. In contrast, Teel did not attempt to challenge via CR 60.02 the trial court's order dismissing his claims against Safe-Guard pending arbitration.

Furthermore, *Whisman* did not directly address the appealability of the trial court orders dismissing cases and compelling arbitration. No one attempted to immediately appeal from the trial court orders dismissing cases and compelling arbitration in *Whisman*. So, our Supreme Court did not address whether such orders were immediately appealable.

Our Supreme Court, in contrast, plainly stated in *Bluegrass Powerboats* that orders compelling arbitration are not immediately appealable prior

to the trial court's confirming, modifying, or correcting an arbitration award and entering judgment accordingly. 424 S.W.3d at 907-09. Therefore, we conclude that we must dismiss the appeal from the challenged trial court order here – which did not dismiss the entire case and which essentially compelled arbitration as – being from an interlocutory, non-appealable order.

This is true despite any concerns about whether any arbitration agreement provisions contained a clear requirement that arbitration occur in Kentucky and whether the trial court thus had subject matter jurisdiction to compel arbitration. *See* KRS 417.200; *Ally Cat*, 274 S.W.3d at 455-56. Given precedent stating that orders compelling arbitration are not immediately appealable and the lack of binding Kentucky precedent setting forth a "jurisdictional exception" to this rule,[9] we cannot reach the subject matter jurisdiction issue.

Instead, the subject matter jurisdiction issue may be more appropriately resolved through other means such as filing a petition for a writ or raising the issue to the trial court going forward. *See Hathaway*, 336 S.W.3d at 87;

---

[9] *Compare Asset Acceptance, LLC v. Moberly*, 241 S.W.3d 329, 333-35 (Ky. 2007) (adopting "so-called jurisdictional" exception to general rule that orders setting aside judgments and reopening for trial are not final and appealable to permit immediate appeal of orders granting CR 60.02(f) relief to ensure that CR 60.02(f) was not invoked to evade the one-year statute of limitations on other CR 60.02 grounds).

*See also Black Forest Coal, LLC v. GRC Development, LLC*, 483 S.W.3d 378, 380 (Ky. App. 2015) (declining to extend exception to general rule in *Asset Acceptance* to orders granting CR 60.02(d) relief and stating "we are simply without legal authority or precedent to consider the interlocutory appeal").

-10-

*Bluegrass Powerboats*, 424 S.W.3d at 909. *See also Linden,* 436 S.W.3d at 525 (holding that precedent such as *Ally Cat* and *Hathaway* which recognizes "that relief by way of mandamus or prohibition may be available where arbitration has been compelled also supports the conclusion that interlocutory relief by way of appeal is not available.").

We decline to discuss further issues and arguments raised in the briefs as unnecessary to our decision. Instead, we must simply dismiss the appeal. Appellate courts lack jurisdiction to review interlocutory, non-appealable orders. *Upper Pond Creek Volunteer Fire Department, Inc. v. Kinser*, 617 S.W.3d 328, 333 (Ky. 2020*).*

## CONCLUSION

For the foregoing reasons, Teel's appeal is hereby DISMISSED as being from an interlocutory, non-appealable order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert L. Thompson
Louisville, Kentucky

Steven Davis
Matthew Miller-Novak
Cincinnati, Ohio

BRIEF FOR APPELLEE SAFE-
GUARD PRODUCTS
INTERNATIONAL, LLC:

Christopher G. Johnson
Jason P. Renzelman
Samuel Wardle
Louisville, Kentucky

NO BRIEF FILED FOR APPELLEE
HYUNDAI CAPITAL AMERICA,
INC.