ASSET ACCEPTANCE, LLC, Appellant

v.

Sondra MOBERLY, Appellee.

No. 2006–SC–000617–DG.

Supreme Court of Kentucky.

Dec. 20, 2007.

Kyle A. Cooper, Charlie W. Gordon, Joshua Albert De Renzo, Greene & Cooper, P.S.C., Louisville, KY, Counsel for Appellant.

James T. Gilbert, Jason Stephen Wilson, Coy, Gilbert & Gilbert, Richmond, KY, Counsel for Appellee.

Opinion of the Court by Justice
ABRAMSON.

By Order entered March 24, 2006, the Madison Circuit Court vacated a default judgment granted in February 2004 in favor of Asset Acceptance, LLC (Asset), against Sondra Moberly, a resident of

Richmond, Kentucky. Asset appealed the March 2006 Order to the Court of Appeals, but that Court, noting the longstanding rule that an order setting aside a judgment and reopening the case for trial is not final and therefore not appealable, dismissed the appeal. This Court granted Asset's motion for discretionary review to consider Asset's contentions that the trial court lacked jurisdiction to disturb the two-year-old judgment and that an immediate appeal should lie for review of the jurisdictional challenge. In essence, Asset asks this Court to adopt the approach which the federal courts have taken in circumstances such as these for over 120 years. Having considered the federal precedent and the contrary view, we agree that in the narrow circumstances presented by this case, an order overturning a long-settled judgment should be subject to a limited jurisdictional review. Accordingly, we remand this case to the Court of Appeals to consider whether Moberly's motion was barred by the limitations period in CR 60.02 and thus outside the trial court's authority to grant.

### *RELEVANT FACTS*

Asset, as the assignee of an alleged credit card debt, brought suit against Moberly in December 2003. According to the summons endorsement, Moberly was personally served on December 30. Moberly did not answer or otherwise respond to Asset's complaint. On February 9, 2004, well after the twenty days allowed for Moberly's response, Asset moved for default judgment. CR 55.01. Counsel certified that notice of the motion was mailed to Moberly on February 5. Moberly did not appear at the February 12 hearing, at the conclusion of which the trial court granted Asset's motion and entered judgment against Moberly in the amount of $8,243.83 plus interest. The trial court's docket sheet indicates that the judgment was entered and notice mailed to Moberly

that same day. On March 30, 2004, Asset filed a judgment lien against any real estate Moberly held in Madison County, and again counsel certified that a copy of the lien had been mailed to Moberly. Moberly did not appeal from or otherwise respond to the judgment, nor did she respond to the lien. There the matter stood until February 2006, when Asset garnisheed Moberly's bank account and collected $11,032.92 from the garnishee bank. Soon thereafter, counsel for Moberly moved pursuant to CR 55.02 and CR 60.02 to have the default judgment set aside.

Moberly averred that from November 20, 2003 until December 20, 2003, ten days before the service of Asset's summons, she had participated in an inpatient alcohol rehabilitation program, and that even after completing the program she remained for some time incapable of managing her affairs. Although she did not deny having received the summons, Asset's complaint, notice of Asset's motion for default judgment, notice of the judgment itself, and notice of Asset's lien, she asserted that in her debilitated condition she remained "completely unaware" of Asset's suit for over two years, until the garnishment of her bank account in February 2006. This "unawareness," she maintained, was "a reason of an extraordinary nature" entitling her to relief from Asset's two-year-old judgment under CR 60.02(f). The trial court agreed and reopened the case for trial.

On appeal, Asset contends that Moberly's motion alleges no more than excusable neglect, if that, and thus was outside the one-year limitations period in CR 60.02 governing such claims. Asset further contends that Moberly's and the trial court's invocation of CR 60.02(f) was improper and an abuse of the trial court's authority. In these limited circumstances, Asset maintains that an immediate appeal should be

available to correct that abuse and to uphold the finality of its two year-old judgment.

### CR 60.02—SETTING ASIDE A JUDGMENT

CR 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." CR 60.02, in turn, provides in pertinent part that

[o]n motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; ... or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.

As often noted, default judgments are disfavored and the trial court is vested with broad discretion to set them aside. *See e.g., Educator & Executive Insurers, Inc. v. Moore,* 505 S.W.2d 176, 178 (Ky.1974) (asserting that courts should assess motions to set aside default judgments liberally in order that litigants "may not be deprived of their day in court."). Nevertheless,

[t]he moving party ... cannot have the judgment set aside and achieve his day in court if he cannot show good cause and a meritorious defense.... Good cause is most commonly defined as a timely showing of the circumstances under which the default judgment was procured.

*Green Seed Company, Inc. v. Harrison Tobacco Storage Warehouse, Inc.,* 663 S.W.2d 755, 757 (Ky.App.1984) (citing *Jacobs v. Bell,* 441 S.W.2d 448 (Ky.1969)).

To entitle the movant to relief, the extenuating circumstances must amount to one of the reasons specified in CR 60.02. If the circumstances constitute "mistake, inadvertence, surprise, or excusable neglect," then the movant may be entitled to relief, but only if she brings her motion within the rule's one-year limitations period. CR 60.02(f), the subsection permitting relief "within a reasonable time" for "any other reason of an extraordinary nature," is to be invoked "only with extreme caution, and only under most unusual circumstances." *Cawood v. Cawood,* 329 S.W.2d 569, 571 (Ky.1959). It is available only for reasons "not otherwise set forth in the rule," *Commonwealth v. Spaulding,* 991 S.W.2d 651, 655 (Ky.1999), and ought not to be invoked so as to undermine the time constraints applicable to the other subsections. Thus, as the United States Supreme Court has explained with reference to the corresponding subsection of Fed.R.Civ.P. 60(b), "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 393, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). That subsection, rather, is limited to "extraordinary circumstances" beyond the movant's control which effectively prevented the movant from responding in a timely manner to the litigation. *Id.*

### APPEAL FROM THE GRANT OF A CR 60.02 MOTION

As Moberly and the Court of Appeals correctly observe, the general rule in Kentucky is, and for some time has been, that an order setting aside a judgment and reopening the case for trial is not final or appealable. *Asher v. Asher,* 339 S.W.2d 630 (Ky.1960). We borrowed this rule

from federal practice. *Hackney v. Hackney,* 327 S.W.2d 570 (Ky.1959). Federal courts have recognized an exception, however, permitting an immediate appeal from orders setting aside a judgment when the trial court lacked jurisdiction to grant that relief. Asset contends that Kentucky courts should follow suit.

The origin of the federal exception is *Phillips v. Negley,* 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886), in which a defendant successfully moved to vacate a default judgment more than three years after it had been entered. The Supreme Court reversed. Applying what, in the late nineteenth century, was the vital procedural distinction between law and equity, it ruled that the federal district court, a court of law, was not authorized to entertain the motion at a term after the term in which the judgment was entered, and indicated that the defendant's proper remedy was to pursue a bill in equity. In justifying its review of the matter, the Supreme Court explained that "[i]f ... the order made [the order vacating and granting a new trial] was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court." *Id.* at 671–72, 6 S.Ct. at 903–04.

Relying on this statement from *Phillips v. Negley,* several federal Circuit Courts have recognized a right to appeal from a trial court order setting aside a judgment (usually pursuant to Federal Rules of Civil Procedure 59 or 60), if the trial court lacked jurisdiction to enter it. *Rinieri v. News Syndicate Co.,* 385 F.2d 818 (2nd Cir.1967); *National Passenger R.R. Corp. v. Maylie,* 910 F.2d 1181 (3rd Cir.1990); *Shepherd v. International Paper Company,* 372 F.3d 326 (5th Cir.2004); *McDowell v. Dynamics Corp. of America,* 931 F.2d 380 (6th Cir.1991); *Central Microfilm Serv. Corp. v. Basic/Four Corp.,* 688 F.2d 1206 (8th Cir.1982); *Jones & Guerrero Co. v. Sealift Pac.,* 650 F.2d 1072 (9th Cir. 1981); *Tobriner v. Chefer,* 335 F.2d 281 (D.C.Cir.1964). Under this "common-law exception to the final-judgment rule," *Fuller v. Quire,* 916 F.2d 358, 360 (6th Cir. 1990), the only question on appeal is the jurisdictional one. If the appellate court determines that the trial court acted within its authority, then the appellate court's own jurisdiction fails, and the appeal must be dismissed. The federal cases often focus on whether the trial court acted contrary to one of the rules establishing time limits for setting aside a judgment. *See, e.g., Fuller v. Quire, supra* (considering whether the trial court was bound by the one-year limitations period in Fed.R.Civ.P. 60(b)(1)). In short, the issue is frequently identical to the one posed by this case, *i.e.* did the trial court invoke the exceptional or extraordinary circumstances basis to set aside a judgment pursuant to (Fed. R. Civ.Proc.60(b)(6)) (CR 60.02(f) in Kentucky) when the facts presented actually fit within one of the other enumerated bases for relief in which the trial court's exercise of power is limited to one year following entry of judgment?

This so-called jurisdictional exception to the general rule that orders setting aside a judgment are not appealable appears not to have been widely addressed by state appellate courts.[1] A limited number of them have recognized the exception, *Connecticut Light and Power Company v. Costle,* 179 Conn. 415, 426 A.2d 1324 (1980); *Brown v. Triple "D" Drilling Company, Inc.,* 224 Kan. 636, 585 P.2d 987 (1978) (citing *Landscape Development*

---

1. Several states provide by rule or statute for an appeal from an order setting aside a judgment and so are not confronted by this question. *See* Annotation, "Appealability of Order Setting Aside or Refusing to Set Aside Default Judgment," 8 ALR 3rd 1272 (1966).

*Company, Inc. v. Kansas City Power & Light Company,* 197 Kan. 126, 415 P.2d 398 (1966)), and at least one has rejected it. *Baca v. Atchison, Topeka and Santa Fe Railway Corporation,* 121 N.M. 734, 918 P.2d 13 (N.M.App.1996).

As the Court of Appeals of New Mexico noted in *Baca,* commentators have generally given the federal practice lukewarm reviews at best. Their concerns are that the grant of an immediate appeal disrupts trial court proceedings, that it risks piecemeal appeals, that it increases already heavy appellate caseloads, that it encourages imaginative attempts to characterize alleged trial court errors as jurisdictional breaches, and that it is not necessary given the availability of extraordinary writs in those cases where the trial court is clearly abusing its authority. *See* Charles A. Wright, Arthur R. Miller & Mary Kane, *Federal Practice and Procedure,* § 2871 (1995) and §§ 3915.5, 3916 (1992).

■ Notwithstanding these criticisms, the federal practice remains viable after more than 120 years. We are persuaded that there are sound reasons for this viability and therefore join the federal courts to the extent of recognizing a narrow exception to the rule that orders setting aside a judgment may not be appealed. Where a final judgment has been ordered reopened, where the disrupted judgment is more than a year old, and where the reason offered for setting it aside is allegedly an "extraordinary circumstance" under CR 60.02(f), permitting an immediate appeal helps to maintain the important balance between, on the one hand, the equitable insistence on justice at all costs and, on the other, the equally vital insistence that litigation must at some point conclude and reasonable expectations founded upon long-established final judgments must not lightly be overturned. This is the balance that the limitations provisions of CR 60.02

attempt to strike, and we agree with Asset that when that balance is threatened by the trial court's alleged disregard of those provisions, an immediate appeal is appropriate.

We are confident that recognizing this limited modification of the finality rule will not prove unduly disruptive of trial court proceedings or burdensome to our appellate courts. Like the Court of Appeals of New Mexico, we are certain that the trial courts usually get it right, applying CR 60.02 as written and invoking the "reason of an extraordinary nature" ground for relief only in the most exceptional of circumstances. Notwithstanding the inventiveness of counsel, there is no reason to expect more than a manageable number of new appeals will be generated by this newly-announced approach. We are also persuaded that an immediate appeal is a more appropriate remedy than a writ, for, as important as the judgment holder's interest in the judgment may be, the irreparable nature of the injury typical in a writ case is lacking here. The judgment holder, after all, would usually have a remedy by way of appeal at the conclusion of the reopened proceedings. This new approach represents an appropriate remedy in between the extremes of writ and ordinary appeal and will adequately protect the judgment holder from breaches of the trial court's authority without any significant disruption of the ordinary workings of trial and appellate courts.

### CONCLUSION

In sum, we agree with Asset that in the narrow circumstances presented by this case, an order setting aside a judgment more than a year old pursuant to the "reason of an extraordinary nature" provision of CR 60.02(f) is subject to immediate appellate review to ensure that CR 60.02(f) has not been invoked to, in effect, evade

the one-year limitations period CR 60.02 imposes on claims appropriately regarded as falling under CR 60.02(a), (b), or (c). Although we do not fault the Court of Appeals for applying the heretofore settled rule that orders vacating a judgment are not appealable, we now conclude that the Court of Appeals may address Asset's appeal. Accordingly, we vacate that Court's July 24, 2006 Order dismissing Asset's appeal and remand for consideration of Asset's contention that Moberly's CR 60.02 motion was barred by limitations and therefore outside the trial court's authority to grant. If the Court determines that Moberly's motion stated "a reason of an extraordinary nature" rather than mistake, excusable neglect or one of the more common grounds for relief, the availability of which was barred by the one-year limitation period in CR 60.02, then the appropriate course would be again to dismiss the appeal.

All sitting. All concur.