## BLACK FOREST COAL, LLC, Appellant

### v.

**GRC DEVELOPMENT, LLC; Mountain Processing, Inc.; Hon. James L. Hamilton; and Hamilton & Stevens, PLLC, Appellees**

NO. 2014–CA–000613–MR

Court of Appeals of Kentucky.

RENDERED: September 11, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court March 9, 2016

BRIEFS FOR APPELLANT: J. Dale Golden, Justin S. Peterson, Lexington, Kentucky

ORAL ARGUMENT FOR APPELLANT: Justin S. Peterson, Lexington, Kentucky

BRIEF FOR APPELLEES: Jonah L. Stevens, Pikeville, Kentucky

ORAL ARGUMENT FOR APPELLEES: James L. Hamilton, Pikeville, Kentucky

BEFORE: COMBS, D. LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:

Black Forest Coal, LLC (Black Forest) brings this appeal from a March 13, 2014, judgment of the Pike Circuit Court granting Mountain Processing, Inc. (Mountain Processing) and GRC Development, LLC's (GRC) Kentucky Rules of Civil Procedure (CR) 60.02 motion to vacate an order dismissing the action. We dismiss as this appeal is taken from an interlocutory order.

We will recite only those facts necessary for our disposition of this appeal. The underlying action centered around a lease, sublease, and other agreements entered into by Black Forest, Mountain Processing, and/or GRC in 2006 for the mining and processing of coal upon certain real property located in Pike County, Kentucky. In 2011, Mountain Processing filed a complaint against Black Forest, and then GRC filed an intervening complaint against, *inter alios*, Black Forest. Black Forest then filed a counterclaim against GRC. In the complaints and counterclaim, each party claimed breach of sundry agreements and raised claims related thereto. Relevant to this appeal, the parties were eventually able to reach a mediated settlement agreement executed on April 3, 2012. One day later, by order entered April 4, 2012, the circuit court dismissed the action based upon the mediated settlement agreement.[1]

Subsequently, some eight months later on December 5, 2012, Mountain Processing and GRC filed a motion under CR 60.02 to vacate the April 4, 2012, order of dismissal. They claimed that Black Forest had engaged in "fraudulent bad faith conduct" as to the April 3, 2012, mediated settlement agreement. Memorandum of Law in Support of Plaintiffs' Motion to Set Aside Settlement Agreement and/or Motion to Redocket Pursuant to CR 60.02 at 4. The circuit court conducted an evidentiary hearing upon the CR 60.02 motion. By findings of fact and conclusions of law and judgment entered March 13, 2014, the circuit court held:

1. Based upon the testimony of Johnny Belcher, this Court finds that he, acting as an authorized agent for the Defendant, Black Forest Coal, LLC, committed fraud upon the Court by signing the Mediation Agreement on April 3, 2012, which resulted in the Court entering its Order dismissing this action on April 4, 2012. Mr. Belcher specifically testified at the Evidentiary Hearing on November 1, 2013[,] that he only signed the Mediation Agreement so

---

1. In the April 4, 2012, order, the circuit court also granted partial summary judgment to GRC Development, LLC, upon the singular issue that the sublease between GRC and Black Forest Coal, LLC, was "terminated." However, it must be pointed out that said sublease was actually terminated by the terms of the April 3, 2012, mediated settlement agreement, and it appears that the circuit court was simply recognizing this fact.

that they could continue to work. (Citation omitted.)

2. Based upon Mr. Belcher's further testimony, it is clear that [Mountain Processing] and [GRC] were never paid and/or received the consideration that was negotiated and agreed upon in the parties' Mediation Agreement.

3. Thus, pursuant to the CR 60.02(d), the Court finds that [Mountain Processing] and [GRC] have met their burden in showing that the Mediation Agreement was procured on the fraudulent misrepresentations of Johnny Belcher for Black Forest Coal, LLC[,] in an attempt to get [Mountain Processing] and [GRC] to dismiss this action.

4. Therefore, for the reasons stated hereinabove, the Mediation Agreement signed on April 3, 2012[,] and the Order Granting Partial Summary Judgment and Agreed Order of Dismissal entered on April 4, 2012[,] are hereby **SET ASIDE** and **VACATED** and this action is **REDOCKETED** to the Courts' active docket.

5. That the Court further holds the Defendant, Black Forest Coal, LLC, in contempt of Court for the fraudulent conduct as described hereinabove. [Mountain Processing] and [GRC] are hereby awarded the costs and attorneys fees incurred for the numerous mediations with Hon. Bayard Collier and subsequent efforts to enforce the agreement and resolve this matter, including but not limited to those costs associated with the filing of their Motion to Set Aside and/or Motion to Redocket pursuant to Rule 60.02, and preparation and attendance at the Evidentiary Hearing held herein.

Thus, the circuit court granted the CR 60.02 motion to set aside the April 4, 2012, order of dismissal, and placed the case on the circuit court's active docket. Black

Forest then filed a notice of appeal from the March 13, 2014, judgment.

■ Black Forest acknowledges the general rule that an order granting a CR 60.02 motion to set aside a judgment is nonappealable but argues that an exception announced in *Asset Acceptance, LLC v. Moberly,* 241 S.W.3d 329 (Ky.2007) is applicable herein. We disagree.

■ In this Commonwealth, the general rule is "that an order setting aside a judgment and reopening the case for trial is not final or appealable." *Asset Acceptance,* 241 S.W.3d at 332. The only exception to this general rule was set forth in *Asset Acceptance* and is applicable where: (1) the "disrupted" judgment is more than one year old, and (2) the reason offered by the circuit court is an "extraordinary circumstance" under CR 60.02(f). *Asset Acceptance,* 241 S.W.3d at 334.

In the case *sub judice*, the "disrupted" judgment was entered on April 4, 2012, and the CR 60.02 motion was filed on December 5, 2012. Thus, only eight months elapsed between entry of the judgment and filing of the CR 60.02 motion. Additionally, the circuit court specifically granted relief under CR 60.02(d), rather than CR 60.02(f). As the disrupted judgment was not more than one year old and the circuit court did not grant relief under CR 60.02(f), the exception in *Asset Acceptance,* 241 S.W.3d 329, is clearly inapplicable.

Notwithstanding Black Forest's argument that "equity" demands appellate review of this case and its invitation to extend the interlocutory appeal exception of CR 60.02(f) set forth by our Supreme Court in *Asset Acceptance,* 241 S.W.3d 329 to CR 60.02(d), we are simply without legal authority or precedent to consider the interlocutory appeal. Consequently, we must conclude that the March 13, 2014,

judgment is interlocutory and nonap-pealable.

Now therefore be it ORDERED that Appeal No. 2014–CA–000613–MR is DIS-MISSED as having been taken from an interlocutory order.

ALL CONCUR.