RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1608-MR

PAULA GOFF; BETTY MCCOWN;
JIM MOORE; JOHN M. LAWRENCE
REVOCABLE TRUST; AND
LEANNA GLADDEN                                                    APPELLANTS


                          APPEAL FROM PIKE CIRCUIT COURT
v.                        HONORABLE THOMAS M. SMITH, JUDGE
                          ACTION NO. 14-CI-01381


ELIZABETH ANN ROWE EWERS;
BETTY M. HAMILTON FAMILY
TRUST; BILLY PAUL ROWE; CHRIS
JOHNSON; COUNTY OF PIKE; JUDY
ROWE KEEN; KENNETH D.
MOORE; KENTUCKY
DEPARTMENT OF REVENUE;
MARK RUSTIN ROWE; MISTY
ROWE POTTER; PILGRIM ENERGY,
LLC; STEWART O. LECROY; AND
TAXCO, LLC                                                          APPELLEES

                          OPINION AND ORDER
                             DISMISSING

                            * * * * * *

BEFORE:  GOODWINE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Paula Goff, Betty McCowan, Jim Moore, John M. Lawrence Revocable Trust, and Leanna Gladden (collectively referred to as appellants) bring this appeal from an October 27, 2020, order of the Pike Circuit Court granting Chris Johnson's Kentucky Rules of Civil Rules (CR) 60.02 motion to set aside an order entered October 2, 2019, confirming a foreclosure sale of real property by the master commissioner. For the reasons stated, we dismiss this appeal as being taken from an interlocutory order.

This action has a complex procedural history, so we will only recite those facts necessary to resolve this appeal. Appellants and appellees are owners of an undivided oil and gas estate in some 400 acres of real property (oil and gas estate) and/or are third-party purchasers of certificates of delinquency for unpaid *ad valorem* taxes assessed against the oil and gas estate.

Appalachian Investments, LLC, had purchased three certificates of delinquency and filed a foreclosure action to enforce its liens upon the oil and gas estate on December 30, 2014. Kentucky Revised Statutes (KRS) 134.490. In its amended complaint, Appalachian named Chris Johnson as a defendant, who had also purchased a certificate of delinquency for unpaid *ad valorem* taxes assessed upon the oil and gas estate. Johnson filed an answer and cross-claim. In the cross-

claim, Johnson stated that he possessed a certificate of delinquency and also sought to enforce his lien upon the oil and gas estate.[1]

Sometime in 2019, appellants purchased the lien claims held by Appalachian. On April 24, 2019, appellants filed a Motion for Realignment of Parties and to Reassign for Court Sale. Therein, appellants stated that they had obtained an assignment of the liens held by Appalachian by purchasing same. As a consequence, appellants sought to be reclassified as plaintiffs in place of Appalachian. Appellants failed to serve Johnson or his attorney a copy of this motion.

By order entered June 3, 2019, the circuit court granted appellants' motion and also ordered the oil and gas estate to be sold again by the master commissioner. The order was prepared by appellants' attorney and did not provide for service on Johnson or his attorney. Subsequently, on August 28, 2019, the master commissioner conducted the sale and filed a Report of Sale with the court on that date. Therein, the master commissioner reported that the oil and gas estate was sold for $17,000 to appellants. Appellants then filed a motion to confirm the

---

[1] On April 12, 2017, an *in rem* judgment and order of sale of the oil and gas estate was rendered and a sale was conducted on May 31, 2017. Chris Johnson was duly noticed as a party in that order. The judgment and order of sale was appealed to the Court of Appeals, said appeal being dismissed by order entered December 15, 2017, for failure to name indispensable parties (No. 2017-CA-0858-MR). By order entered November 19, 2018, the order confirming the May 31, 2017, sale was set aside by the circuit court, and a new sale was ordered. The circuit court emphasized that adequate notice be given to all parties in accordance with applicable law.

sale and to order the master commissioner to deliver a deed conveying the oil and

gas estate to appellants, without notice to Johnson or his attorney. Ultimately, by

order entered October 2, 2019, the circuit court confirmed the sale and ordered the

master commissioner to deliver a deed conveying the oil and gas estate to

appellants. Again, neither Johnson nor his attorney were served a copy of the

order.

Some eleven months later, on September 9, 2020, Johnson, by

counsel, filed a Motion to Set Aside Master Commissioner Sale and Deed and later

filed an Amended Motion to Set Aside Master Commissioner Sale and Deed.

Therein, Johnson claimed:

> 2. Chris Johnson purchased a 2014 Tax Bill
> 00073G in the name of Elizabeth Ewers and has been a
> party to this action since its inception and has filed
> pleadings, appeared at hearings and was actively
> involved prior to the appeal. At no time has Mr.
> Johnson's lien been purchased or released. Nor has the
> undersigned withdrawn from this case and received
> pleadings and notices from opposing counsel including
> Mr. Webster and the Master Commissioner. However, it
> appears that Mr. Webster stopped including the
> undersigned counsel in late 2018 or early 2019 copies of
> his pleadings.

> 3. According to Mr. Webster[,] Paula Goff, and
> others purchased the liens held by Appalachian
> Investments, LLC[,] sometime prior to April 24, 2019[,]
> in which Webster used as a basis to file a Motion For
> Realignment of Parties and to [reassign] for Court Sale.
> Mr. Webster FAILED to provide notice to the
> undersigned or his client Chris Johnson. Attached is a

copy of the Motion where Mr. Webster FAILED to notify the attorney of record James Hamilton and the Order prepared by Mr. Webster also omitted Mr. Hamilton from the certificate of service. . . .

4. The Master Commissioner also failed to notify James Hamilton or Chris Johnson of the sale despite Court Orders and notice requirements under Kentucky law. However, the Master Commissioner did notify Mr. Hamilton as to the first Master Commissioner sale in 2017. . . .

5. Mr. Webster failed to include James Hamilton on his Motion to Confirm Sale and for Deed dated September 11, 2019. . . . Yet, Mr. Webster knew all along that James Hamilton represented Chris Johnson as he included Hamilton on his Objection and Exceptions to Sale and Report of Sale on June 6, 2017[,] and various other motions. . . . Also, see Mr. Webster's Motion to Assign for Trial on issues of fact dated Feb. 21, 2017[,] in which James Hamilton was included on the service of process. . . .

6. Once Mr. Webster had the parties names changed by Motion for Realignment unbeknownst to the undersigned, Mr. Webster and others failed to notify the undersigned of any court activity.

Amended Motion to Set Aside Master Commissioner Sale and Deed at 1-2.

Johnson specifically sought to set aside the sale under CR 60.02(a), (d), and (f).

By order entered October 27, 2020, the circuit court granted the CR 60.02 motion to set aside the master commissioner sale and deed "due to lack of notice of sale (to Johnson or his attorney) and irregularities of the previous sale." October 27, 2020, Order at 1. The court further held Johnson's lien claim was still

valid and appellants had the option to avoid another commissioner sale of the oil and gas estate "by satisfying Chris Johnson's lien." October 27, 2020, Order at 1. If the lien was not satisfied, the court order stated that the oil and gas estate would be resold by the master commissioner. In response, on November 25, 2020, appellants filed a Notice of Appeal in the Court of Appeals from the October 27, 2020, order.

In Kentucky, the general rule is that an order setting aside a judgment and reopening the action for further proceedings is interlocutory and not final and appealable. *Hackney v. Hackney*, 327 S.W.2d 570, 571 (Ky. 1959); *Black Forest Coal, LLC v. GRC Dev., LLC*, 483 S.W.3d 378, 380 (Ky. App. 2015); *see also* 7 David V. Kramer, *Kentucky Practice – Rules of Civil Procedure* § 60.02 (2022).[2]

We have thoroughly reviewed the extensive record in this case. The record establishes that on September 9, 2020, Johnson filed a motion under CR 60.02(a), (d), and (f), to set aside the October 2, 2019, order confirming sale. The premise of the motion was that neither Johnson nor his attorney were properly

---

[2] In *Asset Acceptance, LLC v. Moberly*, 241 S.W.3d 329, 332 (Ky. 2007), the Kentucky Supreme Court recognized the general rule that an order setting aside a judgment and reopening the case is nonfinal. However, the Supreme Court also set forth an exception to the general rule. Under this exception, the Supreme Court permitted an immediate appeal from such an order "where the disrupted judgment [was] more than one year old, and where the reason offered for setting it aside" was extraordinary circumstances per Kentucky Rules of Civil Procedure 60.02(f). *Id.* at 334. Additionally, it must be noted that the judgment set aside was a default judgment and that appellant alleged that due to mental incapability she was unaware of the notice concerning the action. As to the case at hand, we believe this exception to be inapplicable.

notified of the sale that occurred on August 28, 2019. On October 27, 2020, the circuit court granted the CR 60.02 motion and set aside the sale. The record reflects that appellants failed to follow the directives set forth in that order and did not satisfy Johnson's lien on the oil and gas estate; thus, per the October 27, 2020, order, the oil and gas estate was to be resold by the master commissioner. That sale apparently did not occur due to the filing of this appeal. Under these facts, as a matter of law, we must conclude that the October 27, 2020, order is interlocutory and nonappealable.

Now, therefore, be it ORDERED that Appeal No. 2020-CA-1608-MR is hereby DISMISSED as having been taken from a nonfinal interlocutory order.

ALL CONCUR.


ENTERED: _____          _____
                                                    JUDGE, COURT OF APPEALS



BRIEF FOR APPELLANTS:          BRIEF FOR APPELLEES:

Lawrence R. Webster                   James L. Hamilton
Pikeville, Kentucky                      Pikeville, Kentucky