RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0589-MR

DAVID PARKS                                                          APPELLANT

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
            HONORABLE PHILLIP J. SHEPHERD, JUDGE
            ACTION NO. 18-CI-00734

KENTUCKY PAROLE BOARD                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  David Parks, *pro se*, appeals the Franklin Circuit Court's Order entered March 6, 2024, denying his Motion For Relief From Judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02.  Parks argues that the circuit court erred in denying his motion as being untimely filed.  We affirm.

## BACKGROUND

Parks is serving a life sentence for the offenses of murder and burglary in the first degree by judgment entered by the Knox Circuit Court on December 19, 1988. In his initial request for relief in this case, Parks filed a petition for declaration of rights with the Franklin Circuit Court on August 13, 2018. He alleged that the Kentucky Parole Board (Board) had wrongfully denied him parole in February of 2018. He argued that at a previous hearing before the Board, in February of 2016, he was told by the Board that if he successfully completed a substance abuse program at the prison, he would "assuredly" be granted parole at his next hearing. Record at 7-9. At the parole hearing on February 16, 2018, having completed a substance abuse program, Parks was again denied parole, with his next hearing set out for sixty months to 2023. Record at 14-15. By order entered May 24, 2019, the circuit court dismissed Parks' petition. Parks did not appeal the order.

Almost four years later, on May 5, 2023, Parks filed a CR 60.02 Motion For Relief From Judgment, seeking relief under sections (e) and (f). Parks asserted that he had recently obtained an audio recording from his parole hearing in 2016, that substantiated his claim in the petition for declaration of rights that the Board had promised he would be paroled in 2018, if he completed a substance abuse program at the prison.

By Order entered March 6, 2024, the circuit court denied the motion. The court construed the motion as one for relief from judgment under CR 60.02(b), based on newly discovered evidence. The court held that Rule 60.02(b) required that any motion seeking relief thereunder must be filed not more than one year after the order seeking relief from was entered. The court concluded that Parks' motion was filed more than a year after the court's order dismissing his petition in May of 2019, and therefore the court did not have jurisdiction to consider his motion for relief. This appeal followed.

## STANDARD OF REVIEW

This Court reviews the denial of a CR 60.02 motion under an abuse of discretion standard. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Id*.

## ANALYSIS

CR 60.02 allows a court to relieve a party from a final judgment or order upon the following grounds:

> (a) mistake, inadvertence, surprise or excusable neglect;
> (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief.

The Rule further provides: "The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken."

While Parks continues to argue he was promised parole, his only argument relevant to this appeal is that the Franklin Circuit Court erred in recharacterizing his motion for review under CR 60.02(b), rather than CR 60.02(e) and (f) as set out in his motion. Based on our review of the record below, the circuit court proceeded properly.

Subsection (f) of CR 60.02 looks to relief of an extraordinary nature and only applies if none of the rule's other specific provisions apply. *Alliant Hosps., Inc. v. Benham*, 105 S.W.3d 473, 478 (Ky. App. 2003). In other words, CR 60.02(f) relief is available only for reasons not otherwise set forth in the rule, and cannot be invoked simply to undermine the time constraints applicable to the other subsections. *Asset Acceptance, LLC v. Moberly*, 241 S.W.3d 329, 332 (Ky. 2007).

Parks' motion was based entirely on the Board hearing tape that was not available to him when he filed his petition for declaration of rights in 2018. "Newly discovered evidence is evidence that could not have been obtained at the

time of trial through the exercise of reasonable diligence." *Foley*, 425 S.W.3d at 887 (internal quotation marks and citation omitted). As newly discovered evidence is specifically set forth in CR 60.02(b) as a ground for relief, Parks' motion must be reviewed under this section of the Rule by the trial court. Parks cited no grounds of an extraordinary nature that would entitle him to relief. Similarly, Parks cited no grounds under CR 60.02(e) that would entitle him to relief, as the underlying order is not void. The circuit court addressed the substance of Parks' motion and applied the correct section of the Rule in denying relief. The motion was untimely and the court did not abuse its discretion in denying the motion.

Any remaining arguments asserted by Parks in this appeal are without merit or otherwise moot.

For the foregoing reasons, the Franklin Circuit Court's March 6, 2024, Order denying relief under CR 60.02 is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| David Parks, *Pro Se* Sandy Hook, Kentucky | Seth E. Fawns Angela T. Dunham Frankfort, Kentucky |