**UNITED STATES of America**

v.

**EDGEWATER DYEING AND FINISHING COMPANY.**

Civ. A. No. 14094.

United States District Court
E. D. Pennsylvania.

Nov. 13, 1957.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Benjamin H. Pester, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Bernard G. Segal, Edward W. Mullinix, Tom P. Monteverde, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is a motion, by the defendant to set aside a default judgment.

The complaint was filed August 15, 1952. An appearance was entered for the defendant by a firm of attorneys and subsequently withdrawn. The reason given by attorneys in their petition for leave to withdraw was that their client had refused to cooperate with them, so that they were unable to prepare an answer. No answer was ever filed, and more than four years later, on October 16, 1956, the Clerk entered a default and, the same day, entered a judgment against the defendant reciting that the defendant failed to appear, plead or otherwise defend.

Inasmuch as the defendant in this action did appear, the judgment could have been entered only upon application to the Court with three days notice to the defendant. The fact that the attorneys who had entered an appearance for the defendant withdrew their appearance by leave of court some two months after it had been entered, means no more than

that that particular firm of lawyers ceased to represent the defendant. The defendant came into court when the lawyers appeared for it and their withdrawal for reasons personal to them did not affect the defendant's position. The case, therefore, is one which cannot be dealt with summarily by the Clerk, since Fed. Rules Civ.Proc. rule 55(b)(1), 28 U.S. C.A., applies only where the defendant has been defaulted for failure to appear. The motion to vacate the judgment must be granted.

The motion to set aside the default, however, is a different matter. It appears from the record that the default was entered not only for failure to appear but also for failure to plead or otherwise defend, and entry of default on those grounds by the Clerk is clearly authorized under Rule 55(a). Although the Clerk had power to enter the default, the question still remains whether the Court should exercise its discretion to relieve the defendant of its effect. There is no allegation in the motion or elsewhere that the amount of the plaintiff's claim is not justly due. Consequently, the motion to set aside the default will be denied.