Walter N. **TOBRINER** et al., Appellants,

v.

David **CHEFER**, Appellee.

No. 18273.

United States Court of Appeals District of Columbia Circuit.

Argued May 28, 1964.

Decided June 18, 1964.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellants.

Mr. John T. McMahon, Washington, D .C., with whom Mr. James M. Schuette, Washington, D. C., was on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

FAHY, Circuit Judge.

Appellee sued in the District Court for a mandatory injunction to require appellants, the Commissioners of the District of Columbia, to retire him for a disability he alleged had occurred in the performance of his duty as a policeman. He thus claimed the right to be retired under the provisions of Section 4–527, D.C.Code (1961), carrying an annuity of 66⅔% of his basic salary. The Commissioners,

however, had determined that he should be retired for disability incurred other than in the performance of duty and had accordingly applied to his retirement the provisions of Section 4–526 carrying an annuity of 40% of his basic salary. On cross motions for summary judgment on the basis of the administrative record, the District Court, by order of March 12, 1962, granted judgment for the Commissioners. No appeal was taken from this order.

Almost sixteen months thereafter appellee filed a motion which stated it was pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure. The motion sought relief from the order of March 12, 1962, on the ground that "justice and the humane purpose of the District of Columbia Policemen and Firemen's Retirement Act [D.C.Code Section 4–501 et seq.] will be served." The court denied the motion, reciting in an accompanying memorandum that it had been filed approximately sixteen months after final judgment had been entered. The court stated, however, that upon careful perusal of the evidence before the Commissioners the court *sua sponte* would vacate and set aside its order of March 12, 1962, would deny both motions for summary judgment and would order the case set down for hearing. The Commissioners, our present appellants, appeal from the order to this effect. Appellee, plaintiff in the District Court, has moved to dismiss the appeal on the ground that the order is not final and hence is not reviewable under 28 U.S.Code § 1291, the jurisdictional statute invoked by appellants.

■■ If the action of the court is considered as within the purview of Rule 60(b) (1) it was untimely under the Rule itself, because the motion was not filed within a year; and since in our view the relief sought could not be considered as available to the court under Rule 60(b) (6),[1] which prescribes no

1. See Federal Deposit Ins. Corp. v. Alker, 30 F.R.D. 527 (E.D.Pa.1962), aff'd, 316 F.2d 236 (3 Cir.), cert. denied, 375 U.S. 880, 84 S.Ct. 150, 11 L.Ed.2d 111 (1963); 7 Moore, Federal Practice ¶ 60.27(1), (2) (1955).

'definite time limit, the only other possible authority for the court's action would be its right *sua sponte* to grant a new trial. Considering the action to be of this nature, however, it would also be untimely. See Rule 59(d). The consequence is that in setting aside its order of March 12, 1962, the court exceeded its jurisdiction. The motion to dismiss the appeal is accordingly denied, Jackson v. Wilson Trucking Corp., 100 U.S.App. D.C. 106, 108 n. 3, 243 F.2d 212, 214 n. 3 (1957); Chicago & N. W. Ry. v. Britten, 301 F.2d 400 (8th Cir. 1962), and the order on appeal is

Reversed.