UNITED STATES of America,
Plaintiff,

v.

Benjamin C. MELICHAR, Executor of the Estate of Lola Melichar, a/k/a Lola Marie Melichar, Deceased, et al., Defendants.

No. 67–C–127.

United States District Court, E. D. Wisconsin.

July 26, 1972.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

Porter, Purtell, Purcell, Wilmot & Burroughs, by Robert A. Wilmot, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a motion by the defendants to set aside a default judgment.

The complaint was filed on April 18, 1967. Two extensions of time to answer were granted to the defendants on May 31 and June 30, 1967, on the basis of stipulations between their attorneys and the plaintiff's attorney. No answer or other pleading was ever filed by the defendants, however.

Over two years later, on August 14, 1969, a "request for entry of default and judgment" and a supporting affidavit were filed by the government. On the same day, a default was entered and judgment rendered in favor of the government by the clerk of this court. On May 1, 1972, well over two years after the entry of judgment, the defendants moved to set aside that judgment.

Rule 55, Federal Rules of Civil Procedure, states the requirements for entry of a default and the entry of judgment by default. Rule 55(a) provides that the clerk shall enter a default when it is shown by affidavit or otherwise that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Thus, an entry by the clerk of the defendants' default on the strength of the plaintiff's affidavit, after more than two years without a responsive pleading, was proper under Rule 55(a).

Rule 55(b) provides for the entry of the judgment itself. 55(b)(1) allows

the clerk to enter judgment summarily, without notice, when certain requirements are met, one of which is the defendant's having "been defaulted for failure to appear." When the requirements of 55(b)(1) are not met, judgment can only be entered under § 55(b)(2) after application to the court. If the defendant has appeared, he must be given at least three days notice of the hearing on the application.

■ The defendants urge that their attorneys' participation in the formal stipulations extending the time to answer constituted an "appearance". For the purposes of applying Rule 55, I agree with that contention. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970); Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex. 1961). Therefore, a valid judgment could only be entered by the court, upon application. United States v. Edgewater Dyeing and Finishing Co., 21 F.R.D. 304 (E.D.Pa.1957). Also, the defendants were entitled to notice of a hearing on the application. Wilver v. Fisher, 387 F.2d 66, 69 (10th Cir. 1967); Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963); Press v. Forest Laboratories, Inc., 45 F.R.D. 354, 357 (S.D.N.Y.1968).

■ The judgment in this case should not have been entered by the clerk because the plaintiff's claim was not for "a sum certain". The complaint sought judgment against the Melichars for having converted certain cows and heifers to their own use. Nowhere is it shown in the complaint that their value is a sum certain or that such sum is capable of being made certain by computation.

The long delay in seeking the vacation of the judgment would normally justify denial of the motion. However, I am persuaded that the entry of the judgment was not proper and should be set aside. Boehm v. Office of Alien Property Custodian, 120 U.S.App.D.C. 100, 344 F.2d 194 (1965); Schildhaus v. Moe, 335

F.2d 529 (2d Cir. 1964); Tobriner v. Chefer, 118 U.S.App.D.C. 246, 335 F.2d 281 (1964).

This court is empowered to set aside the entry of default under Rule 55(c) and to set aside the judgment under Rule 60(b). The entry of the default itself was proper, and defendants have not moved to vacate it. The judgment, however, was rendered without authority, and it must be set aside. United States v. Edgewater Dyeing and Finishing Co., 21 F.R.D. 304 (E.D.Pa.1957).

Now, therefore, it is ordered that the defendants' motion to vacate the judgment be and hereby is granted.