918 P.2d 13

**Louie BACA, Plaintiff–Appellee,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY CORPORATION, Defendant–Appellant.**

**No. 16336.**

Court of Appeals of New Mexico.

March 5, 1996.

Certiorari Granted May 31, 1996.

Kristina Bogardus, Terry M. Word, P.C., Albuquerque, for Appellee.

Timothy L. Fields, Angelo J. Artuso, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for Appellant.

*OPINION*

HARTZ, Judge.

1. As a general rule, when a judgment is vacated by an order that leaves the

case unresolved, the order is not a final order and is therefore not appealable as of right. *Hall v. Hall,* 115 N.M. 384, 851 P.2d 506 (Ct.App.1993). The federal courts follow the same general rule but have adopted an exception that authorizes appeals when the trial court lacked jurisdiction to issue the order vacating the judgment. The propriety of the appeal before us depends upon whether we recognize this jurisdictional exception. We are not persuaded by the federal authorities and dismiss the appeal.

## BACKGROUND

■ 2. Louie Baca filed suit against the Atchison, Topeka and Santa Fe Railway Corporation (Railway) under the Federal Employers' Liability Act on July 9, 1991. On December 29, 1993 the district court dismissed the suit without prejudice for lack of prosecution. Dismissal was pursuant to SCRA 1986, 1–041(E)(2) (Repl.1992), which states in pertinent part:

> [T]he court on its own motion ... may dismiss without prejudice the action ... if the party filing the action ... has failed to take any significant action in connection with the action ... within the previous one hundred and eighty (180) days. A copy of the order of dismissal shall be forthwith mailed by the court to all parties of record in the case. Within thirty (30) days after service of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case and shall enter a pretrial scheduling order pursuant to Rule 1–016. At least twice during each calendar year, the court shall review all actions governed by this paragraph.

The purpose of the rule is "to provide a standardized procedure for trial courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that should not be carried as active cases." *Vigil v. Thriftway Mktg. Corp.,* 117 N.M. 176, 179–80, 870 P.2d 138, 141–42 (Ct.App.1994). Baca did not move for reinstatement pursuant to the rule. It appears that Baca had discharged his attorney eight days prior to the order of dismissal.

3. On December 27, 1994 new counsel for Baca moved pursuant to SCRA 1986, 1–060 (Repl.1992) to set aside the order dismissing Baca's claim. Even though the dismissal had been without prejudice, the limitations period on Baca's claim had expired by that time, so Baca could not pursue his claim by filing a new complaint. *See Gathman–Matotan Architects & Planners v. State,* 109 N.M. 492, 787 P.2d 411 (1990). Consequently, Baca could maintain his claim only if his original complaint, which had been filed within the limitations period, could be reinstated. *See McKelvey v. AT & T Technologies,* 789 F.2d 1518 (11th Cir.1986) (dismissal without prejudice for failure to prosecute would be equivalent of dismissal with prejudice because statute of limitations prohibited refiling the action; court set aside dismissal so that case could proceed). The district court granted the relief sought. Railway appeals, contending that the district court exceeded its jurisdiction.

## DISCUSSION

■ 4. The order granting Baca's motion contemplates further proceedings, perhaps a trial, before final judgment. Because it does not dispose of the case, it is not a final order and therefore it ordinarily would not be appealable as of right. *See Hall.* Nevertheless, as previously noted, federal courts recognize a right to appeal from orders setting aside a judgment when the trial court lacked jurisdiction to take such action. Given our recognition of a "general presumption in favor of following federal authority regarding appealability," *id.* at 386, 851 P.2d at 508, we examine that authority carefully and depart from it only for compelling reasons.

5. The origin of the federal rule is *Phillips v. Negley,* 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886), a decision that predated much modern procedural reform. In *Phillips* the defendant moved to vacate a judgment more than three years after judgment had been entered. The district court granted a new trial. *Id.* at 666–68, 6 S.Ct. at 901–03. The Supreme Court reversed. It held that the trial court had no authority to rule on the motion during a term of court after the term in which the judgment was rendered. *Id.* at 678–79, 6 S.Ct. at 906–907. It

stated, however, that its decision was without prejudice to the defendant's right to pursue relief by filing a bill in equity. *Id.* at 679, 6 S.Ct. at 907. The sole explanation given by the Supreme Court for recognizing the right of appellate review was the following statement: "If ... the order [vacating a judgment and granting a new trial] was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court." *Id.* at 671–72, 6 S.Ct. at 903–04.

6. The United States Supreme Court has not revisited the matter, but most of the federal courts of appeals have held that there is a right to appeal from a trial court order setting aside a judgment, usually pursuant to Federal Rules of Civil Procedure 59 or 60, if the trial court lacked jurisdiction to enter the order. *See, e.g., Rinieri v. News Syndicate Co.,* 385 F.2d 818, 821–22 (2d Cir.1967); *National Passenger R.R. Corp. v. Maylie,* 910 F.2d 1181, 1182–83 (3d Cir.1990); *Wiggs v. Courshon,* 485 F.2d 1281, 1282 (5th Cir.1973); *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 382 (6th Cir.1991); *Central Microfilm Serv. Corp. v. Basic/Four Corp.,* 688 F.2d 1206, 1211 (8th Cir.1982), *cert. denied,* 459 U.S. 1204, 103 S.Ct. 1191, 75 L.Ed.2d 436 (1983); *Jones & Guerrero Co. v. Sealift Pac.,* 650 F.2d 1072, 1073 (9th Cir.1981); *Tobriner v. Chefer,* 335 F.2d 281 (D.C.Cir.1964). We are aware of no contrary federal case authority. Under the federal approach the appellate courts in essence must review on appeal any challenge to the jurisdiction of a district court to enter an order setting aside a previous judgment. Although technically the appellate court dismisses the appeal when it determines that the district court in fact had jurisdiction to enter the order, the scope of the appellate court's inquiry is the same regardless of whether it finds district court jurisdiction and dismisses the appeal or finds no district court jurisdiction and reverses the district court order. *See, e.g., Wiggs* (dismissing appeal).

7. Despite this authority, we decline to adopt a jurisdictional exception to the general rule that the right to appeal arises only upon entry of a final order. *See Hall.* We would create an anomaly under New Mexico law were we to recognize a right to appeal a district court's rejection of a challenge to its jurisdiction to set aside a judgment. In other circumstances we have not recognized a right of a party to appeal a rejection of its challenge to district court jurisdiction. For example, if a district court denies a motion to dismiss a complaint for lack of subject matter jurisdiction or a motion to dismiss a party for lack of jurisdiction over the person, we have not recognized a right to appeal the denial. The movant can challenge the denial of the motion only on appeal after final judgment has been entered, unless an appellate court exercises its discretion to review the matter on interlocutory appeal, *DeFeo v. Ski Apache Resort,* 120 N.M. 640, 904 P.2d 1065 (Ct. App.), *cert. denied,* 120 N.M. 533, 903 P.2d 844 (1995), or in a writ proceeding, *see Sparks v. Caldwell,* 104 N.M. 475, 723 P.2d 244 (1986) (writ of prohibition).

8. At a time of heavy appellate dockets, strict application of the final-order rule is necessary to prevent even further congestion and delay. We recognize that when a district court erroneously determines that it has jurisdiction, delaying appellate review until entry of a final judgment will impose burdens on the party contesting jurisdiction. Nevertheless, we presume, and experience demonstrates, that our district courts generally get it right. When they do, interrupting proceedings for appellate review creates substantial costs. Not only will there be prolonged delay of the case being appealed, but also other appeals involving other "innocent" parties are delayed as they wait their turn to use the limited resources of the appellate courts. The burden on appellate courts could certainly be substantial if we were to adopt the view of at least some federal appellate courts that the district court's jurisdiction to set aside a judgment depends upon whether the district court ruled properly on the merits. *See, e.g., Thorp v. Scarne,* 599 F.2d 1169, 1172 (2d Cir.1979); *Stradley v. Cortez,* 518 F.2d 488 (3d Cir.1975); *McDowell,* 931 F.2d at 382.

9. Of course, on occasion the error of the district court will be patent, and correction of the error would not require extensive effort by the appellate courts. But in that event

(which we believe will be unusual), the party challenging the district court should be able to convince an appellate court to exercise its discretion to review the matter as an interlocutory appeal or pursuant to an extraordinary writ.

10. It may appear obtuse, if not brash, for this Court to reject the view of every federal appellate court to consider the issue. We are comforted, however, by two observations. First, scholars on the subject have not embraced the jurisdictional exception. One authoritative treatise first addresses the issue in the context of orders granting a new trial under Federal Rule of Civil Procedure 59 (the counterpart of SCRA 1986, 1–059). The authors write:

> The most general theory that might be used to support appeal from an order granting a new trial is that the trial court lacked jurisdiction to make the order. This theory traces to an old decision rendered under a procedural system quite different from the current civil rules, is at best moribund, and can be justified—if at all—only for cases involving a clear violation of the rules constraining new trial procedure....
>
> ....
>
> The rule permitting appeal if the trial court lacked jurisdiction to order a new trial ... might be defended on the ground that Rule 59 sets out precise procedures that must be followed in exercising the power to grant a new trial, and that ordinarily there will be no room for factual dispute as to compliance with those procedures. Most of the questions of law are clear, and the uncertain questions can be resolved readily on appeal. Immediate appeal is justified to protect against the burdens of a new trial ordered in violation of clear rules; allowing appeal on this ground will not encourage many ill-founded appeals, and such as may occur can be dismissed summarily.
>
> The arguments against continuing to allow final judgment appeal are stronger. The question of compliance with Rule 59 procedures is not always clear. As noted above, most of the cases involve the question whether the ground relied upon by the

district court was advanced in a motion timely made by a party, a matter that can be only as clear as the underlying motion. The appeal disrupts continuing trial court proceedings and interferes with trial court control as much as any other appeal, except to the extent that it may be possible to dispose of the appeal more expeditiously. Once an appeal is allowed, moreover, there is a strong temptation, supported by obvious efficiency advantages, to expand it to include other matters. Perhaps most important, cases involving clear violation of procedural requirements, or important questions that deserve immediate response, can be met by relying on other means of review.

15B Charles A. Wright, et al., *Federal Practice and Procedure* § 3915.5, at 305, 307–09 (1992) (footnotes omitted). Discussing the issue further in the context of orders setting aside a judgment pursuant to Rule 60, the authors state:

> Orders granting motions to vacate should be treated in the same way as orders granting a new trial, and ordinarily are. An order that vacates a judgment and sets the stage for further trial court proceedings is not final. Appeal is properly taken upon conclusion of the proceedings set in motion by the order vacating the judgment. As with denial of relief, the appeal brings up for review only the matters raised by the order granting relief and not the original judgment. Some cases have held that appeal can be taken before conclusion of the proceedings if the district court lacked power to vacate the judgment. This theory may seem more attractive than it is with respect to orders granting a new trial, since the motion to vacate may seem less a part of the initial proceedings, and the dangers of interfering with the ordinary course of trial court control may seem reduced. In addition, there is a greater probability of reversal, saving wasted trial court time and avoiding the danger of piecemeal appeal, if—as seems likely—the trial court enjoys less discretion on a motion to vacate than on a motion for a new trial. Immediate review seems particularly appropriate if the trial court

has attempted to interfere with the court of appeals by vacating a judgment that is pending on appeal. Nonetheless, it would be better to adhere to a single rule that treats alike all grants of relief. A clear rule will discourage imaginative attempts to characterize asserted errors as matters of district court power. As with new trial orders, cases of abuse can be handled by extraordinary writ.

Section 3916, at 367–71 (footnotes omitted).

11. Another leading authority states:

By analogy to an old line of authority that an order granting a new trial is final and appealable when the ground therefor is that the trial court lacked jurisdiction or power so to order, an order granting relief under 60(b) in a situation where allegedly the court lacked power would be appealable.... [T]he authors believe that this doctrine is not tenable, and that the order is interlocutory. Review should be open to the party adversely affected, if he does not wish to await the subsequent entry of a final judgment, through the medium of a prerogative writ if the circumstances are such as to warrant interlocutory review at that stage.

7 James W. Moore, *Moore's Federal Practice* ¶ 60.30[3], at 60–346 to –347 (2d ed. 1995).

12. Our second source of comfort is the observation that the federal appellate decisions that note the criticism of the commentators do not counter the commentators' policy arguments but simply point to the binding authority of precedent. *See, e.g., Rinieri,* 385 F.2d at 822 n. 10; *National Passenger R.R. Corp.,* 910 F.2d at 1183 n. 1 ("As a panel we are bound by the prior precedent in this circuit."). *See also Demeretz v. Daniels Motor Freight,* 307 F.2d 469, 471–72 (3d Cir. 1962) ("[H]owever doubtful the rationale of Phillips v. Negley may be, courts of appeals have repeatedly recognized its authority.... Accordingly, we are constrained to hold that we have authority ... to inquire into the power of the court below to issue its order granting a new trial.").

## CONCLUSION

13. For the foregoing reasons we conclude that Railway had no right to appeal from the district court order setting aside the order of dismissal. We dismiss the appeal and remand to the district court for further proceedings. We intimate no opinion regarding the merits of the district court order.

14. **IT IS SO ORDERED.**

APODACA, C.J., and DONNELLY, J., concur.