IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 6, 2019 Session

## LEVITT, HAMILTON, AND ROTHSTEIN, LLC, ET AL v. GHAZI ASFOUR

**Appeal from the Chancery Court for Davidson County**
**No. 12-0724-II          William E. Young, Chancellor**

_____

**No. M2018-00938-COA-R3-CV**

_____

In appealing a non-final order, Appellant asks this Court to adopt a jurisdictional exception to the final judgment rule that would allow an immediate appeal of a trial court's decision to grant a motion under Rule 60.02 where the trial court purportedly lacked jurisdiction to do so. We decline to adopt a per se exception to Rule 3(a) of the Tennessee Rules of Appellate Procedure where the trial court grants a Rule 60.02 motion. We likewise decline to suspend the finality requirement in this particular case. As such, this appeal is dismissed for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Paul J. Krog, Nashville, Tennessee, for the appellant, Levitt, Hamilton, and Rothstein, LLC.

Thomas I. Bottorff, Brentwood, Tennessee, for the appellee, Ghazi Asfour.

## OPINION

### Background

In the course of his business bankruptcy, Defendant/Appellee Ghazi Asfour ("Appellee") determined that he wanted to sell his business property. He entered into a purported contract with Zaleka Awash for the sale of the property. The contract stated that earnest money had been paid with a copy of the check attached. According to Appellee, however, no money was ever transferred. Handwritten on the contract was also a notation that the bankruptcy court was required to approve the sale. Because of the

bankruptcy, Appellee later alleged that he informed Mr. Awash that the earnest money was necessary for the bankruptcy court to approve the contract. Mr. Awash allegedly refused to provide the money and Appellee thereafter entered into another agreement with a separate individual to buy the business property.[1]

Mr. Awash thereafter sued Appellee for breach of contract in the Davidson County Chancery Court on May 17, 2012; the complaint sought specific performance on the sales contract. Mr. Awash also filed an application for a temporary restraining order ("TRO") to prevent the sale of the property to the other individual. A summons was issued and allegedly served on May 18, 2012; there is a dispute as to whether Appellee was properly served by this summons. In any event, a hearing was later held on the TRO application. Appellee was not present for the hearing. No TRO was apparently granted as a result of the hearing. According to Appellee, upon learning that the TRO was not granted and believing the case to be concluded, he thereafter left the country in July 2012, had brain surgery overseas, and returned to New York for an additional brain surgery. Appellee contends that he did not return to Tennessee until July 2013.

In the meantime, on July 18, 2012, Mr. Awash filed an amended petition seeking damages; the petition was mailed to Appellee's Tennessee address via regular mail. No response being filed, Mr. Awash eventually filed a motion for default judgment on September 14, 2012. Again, the motion was delivered via regular mail. The trial court granted the motion for default judgment against Appellee on February 27, 2013. Following a damages hearing, Mr. Awash was awarded $130,000.00 in damages. On July 31, 2013, Mr. Awash recorded a judgment lien on Appellee's home; again, there is a dispute as to whether Appellee had personal notice of the lien at the time it was filed.

Petitioner/Appellant Levitt, Hamilton, and Rothstein, LLC ("Appellant") thereafter acquired the judgment by assignment from Mr. Awash. Appellant then filed a post-judgment motion to compel discovery against Appellee in June 2017. On January 8, 2018, Appellee filed a response to the motion to compel, asserting he had no knowledge of the default judgment and lien. On February 16, 2018, Appellee filed a supplemental response, a motion to set aside the default judgment pursuant to Rules 55.02[2] and 60.02[3]

---

[1] The property was sold to the third party in May 2012.

[2] Rule 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

[3] Rule 60.02 provides, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion

of the Tennessee Rules of Civil Procedure, and a motion to dismiss the amended complaint. The Rule 60.02 motion alleged that the judgment should be set aside on grounds that the judgment was void under Rule 60.02(3) and/or that there was "any other reason justifying relief from the operation of the judgment" under Rule 60.02(5).

Eventually, the trial court entered an order setting aside the default judgment. Therein, the trial court rejected Appellee's argument that the judgment was void due to insufficient service of process and improper notice and perfection of the assignment. The trial court ruled, however, that Appellee had shown another reason justifying relief under Rule 60.02(5), based in large part on Appellee's meritorious defense to the breach of contract action.[4] The trial court noted the significant passage of time between the entry of the final judgment and the Rule 60.02 motion but ruled that Appellee's health problems, travel outside the country, and belief that the case had been resolved, "mitigate against a finding that [Appellee's] failure to bring the motion to set aside was willful." The trial court also ruled that given that there was no evidence of consideration paid in furtherance of the sales contract, no prejudice would result from setting aside the default judgment. The trial court, however, denied Appellee's motion to dismiss at that time.[5] Finally, the trial court held that Appellant's motion to compel discovery was rendered moot by its ruling.

Each party thereafter filed motions to alter or amend the trial court's ruling. By order of June 25, 2018, the trial court denied both motions. In this order, the trial court specifically stated that this order was not a final judgment, as Appellant still had the opportunity to prosecute its claim against Appellee.

Rather than prosecute the case, Appellant took two actions. First, Appellant filed a notice to this Court seeking an appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure. Second, Appellant asked the trial court to grant an interlocutory appeal to this Court pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court granted Appellant's request by order of August 13, 2018. On September 13, 2018, however, this Court denied permission to appeal, ruling that the court "cannot conclude that an interlocutory appeal is necessary to prevent irreparable injury, to

---

shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

[4] Specifically, the trial court noted that although the sales contract provided that it was conditioned on bankruptcy court approval, no pleading ever alleged nor was evidence presented that the bankruptcy court ever approved the sale to Mr. Awash. The trial court also noted that the record did not reflect that Mr. Awash provided any consideration, as Appellee denied that the earnest money was ever received by him.

[5] The trial court ruled that the motion would be held in abeyance until May 15, 2018, for Appellant to determine whether it wished to prosecute the suit. If no action was taken by that time, the case would be dismissed with prejudice. Given the post-trial proceedings concerning interlocutory appeal, nothing in the record indicates that the trial court ever entered an order dismissing this action.

develop a uniform body of law, or prevent needless, expensive and protracted litigation." As such, Appellant proceeded with this Rule 3 appeal.

During the pendency of this appeal, Appellee filed a motion to dismiss for lack of jurisdiction, arguing that Appellant had appealed a judgment that was not final. By order of July 20, 2018, we reserved judgment on the motion pending completion of briefing and oral argument. The subject matter jurisdiction of this Court is addressed *infra*.

## Discussion

Although the parties raise a number of issues in this case, we must first address this Court's subject matter jurisdiction over this appeal, as raised in Appellee's motion to dismiss. Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). *But see* Tenn. R. App. 9 (governing discretionary interlocutory appeals for which no final judgment is necessary); Tenn. R. App. 10 (discussing discretionary extraordinary appeals for which no final judgment is necessary).

In this case, there is no dispute that the trial court's order was not a final judgment for purposes of Rule 3. Instead, Appellant asks this Court to adopt a rule applicable in federal court that would allow an immediate appeal as of right wherein the trial court enters an interlocutory order setting aside a final judgment or ordering a new trial but lacked the authority to do so, a rule that originated in ***Phillips v. Negley***, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886). In ***Phillips***, the defendant moved to set aside a judgment more than three years after it became final. *Id.* at 666. The trial court granted the motion and ordered a new trial, but the Supreme Court reversed, ruling that the trial court had no authority to rule on the motion during a term of court after the term in which the judgment was rendered. *Id.* at 667, 678–79. As to the issue of the allowance of an immediate appeal of a non-final judgment, the Court explained only that "[i]f . . . the order [vacating a judgment and granting a new trial] was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court." *Id.* at 671–72.

Based on this rule, federal courts have consistently held that there is a right to immediately appeal an interlocutory order setting aside a final judgment or granting a new trial if the trial court lacked jurisdiction to enter the order. *See, e.g., **McDowell v. Dynamics Corp. of Am.***, 931 F.2d 380, 382 (6th Cir. 1991) (involving an order setting aside a final summary judgment order under Rule 60); ***National Passenger R.R. Corp. v. Maylie***, 910 F.2d 1181, 1182–83 (3d Cir. 1990); (involving an order granting a Rule 60 motion and ordering a new trial); ***Central Microfilm Serv. Corp. v. Basic/Four Corp.***, 688 F.2d 1206, 1211 (8th Cir. 1982), *cert. denied*, 459 U.S. 1204, 103 S.Ct. 1191, 75

L.Ed.2d 436 (1983) (involving a suggestion of remitter and conditional order for new trial); ***Jones & Guerrero Co. v. Sealift Pac.***, 650 F.2d 1072, 1073 (9th Cir. 1981) (involving an order setting aside a previous order of dismissal); ***Wiggs v. Courshon***, 485 F.2d 1281, 1282 (5th Cir. 1973) (involving a order granting a remittitur and conditional new trial); ***Rinieri v. News Syndicate Co.***, 385 F.2d 818, 821–22 (2d Cir. 1967) (involving an order wherein the trial court set aside a final judgment under Rule 60 and ordered "the case restored to the calendar"); ***Tobriner v. Chefer***, 335 F.2d 281 (D.C. Cir. 1964) (involving an order setting aside a previous summary judgment order). In many cases, the lack of jurisdiction results from a motion to set aside being filed outside the timelines provided in Rule 60 of the Federal Rules of Civil Procedure. *See **McDowell***, 931 F.2d at 384 (holding that the motion raised grounds that required it to have been brought within one-year but was untimely, thereby depriving the trial court of jurisdiction); ***Maylie***, 910 F.2d at 1183 (ruling that the trial court's grant of a new trial was within its jurisdiction because the motion was timely filed); ***Jones & Guerrero Co.***, 650 F.2d at 1074 (holding that the trial court had jurisdiction over the motion to set aside because the motion was properly brought under a ground that had no time limit);***Rinieri***, 385 F.2d at 822 (holding that the motion was filed too late); ***Tobriner***, 335 F.2d at 283 (holding that the trial court lacked jurisdiction to set aside the judgment because the motion to set aside was untimely). *But see **Cent. Microfilm Serv. Corp. v. Basic/Four Corp.***, 688 F.2d 1206, 1212 (8th Cir. 1982) (involving a claim that the trial court lacked authority to order a new trial because it did not comply with applicable notice requirements; declining to decide whether the notice requirements were procedural or jurisdictional because the purpose of the notice requirements were substantially achieved).

Likewise, a few state courts have also adopted this rule. *See **Asset Acceptance, LLC v. Moberly***, 241 S.W.3d 329, 334 (Ky. 2007) (adopting what is referred to as the "jurisdictional exception" to allow a litigant to immediately appeal an order setting aside a final judgment on the ground that the trial court lacked jurisdiction over the untimely motion to set aside); ***Connecticut Light and Power Company v. Costle***, 179 Conn. 415, 426 A.2d 1324 (Conn. 1980) (dismissing appeal after finding that the trial court had jurisdiction to grant motion to set aside judgment). Other state courts, however, have expressly rejected a rule that allows an immediate appeal of an interlocutory order that was purportedly entered without jurisdiction. *See **Wiechman v. Huddleston***, 304 Kan. 80, 80, 370 P.3d 1194, 1195 (Kan. 2016) (rejecting the jurisdictional exception in an action to set aside a final judgment because the exception conflicts with the statute that sets out appellate jurisdiction and holding that a desire to maintain consistency with federal courts should not trump state statutes); ***Baca v. Atchison, Topeka & Santa Fe Ry. Corp.***, 1996-NMCA-054, ¶ 1, 121 N.M. 734, 734, 918 P.2d 13, 13 (N.M. Ct. App. 1996), *cert. quashed*, 121 N.M. 783, 918 P.2d 369 (N.M. 1996) (see discussion, *infra*).

Appellant concedes that this rule has never been adopted in Tennessee, but argues that this Court should recognize this exception to the well-settled finality rule.   In

contrast, Appellee contends that this Court should adopt the reasoning of the New Mexico Court of Appeals in ***Baca v. Atchison, Topeka & Santa Fe Railroad Corp.***, which rejected the jurisdictional exception. Like the federal cases, ***Baca*** involves an attempt to immediately appeal a non-final order. 918 P.2d at 14.[6] The court therefore considered whether it should adopt the jurisdictional exception first adopted by the ***Phillips*** Court. ***Id.*** at 15. Ultimately, however, the New Mexico Court of Appeals declined to adopt the jurisdictional exception. In reaching this result, the court relied on several factors.

First, the court noted that it had not previously recognized a right to immediately appeal "a rejection of its challenge to [the trial] court['s] jurisdiction," such as where the trial court denied a motion to dismiss based on lack of personal or subject matter jurisdiction. ***Id.*** Additionally, the court considered the burden on appellate courts and litigants should the jurisdictional exception be adopted. ***Id.*** ("The burden on appellate courts could certainly be substantial if we were to adopt the view of at least some federal appellate courts that the district court's jurisdiction to set aside a judgment depends upon whether the district court ruled properly on the merits."). Moreover, New Mexico law allows litigants to seek either an interlocutory appeal or extraordinary writ to review a non-final order; the court noted that where an error by the trial court in granting a motion to set aside is so patent as to necessitate immediate review, "the party challenging the district court should be able to convince an appellate court to exercise its discretion to review the matter as an interlocutory appeal or pursuant to an extraordinary writ." ***Id.*** at 16. The court also noted that scholars considering the jurisdictional exception have generally not favored it. ***Id.*** at 16–17 (quoting 15B Charles A. Wright, et al., *Federal Practice and Procedure* § 3915.5, at 305, 307-09 (1992) (stating that it is "better to adhere to a single rule that treats alike all grants of relief" as such a rule would "discourage imaginative attempts to characterize asserted errors as matters of district court power"). Indeed, the court noted that even federal courts appear reluctant to apply the rule, but have done so as binding precedent. ***Id.*** at 17 (quoting ***Demeretz v. Daniels Motor Freight***, 307 F.2d 469, 471–72 (3d Cir. 1962) ("[H]owever doubtful the rationale of ***Phillips v. Negley*** may be, courts of appeals have repeatedly recognized its authority. . . . Accordingly, we are constrained to hold that we have authority ... to inquire into the power of the court below to issue its order granting a new trial.")). Based on these considerations, the New Mexico Court of Appeals rejected the jurisdictional exception and dismissed the appeal for lack of a final judgment.

The considerations of the New Mexico Court of Appeals apply equally to this appeal. First, as previously discussed, although the trial court did not explicitly grant a new trial, there is no dispute that the trial court's order granting the Rule 60.02 motion

---

[6] The order at issue in ***Baca*** was an order dismissing a case without prejudice for failure to prosecute. Such an order is not a final appealable judgment under New Mexico law. ***Id.*** ("Because it does not dispose of the case, it is not a final order and therefore it ordinarily would not be appealable as of right.")

and allowing further proceedings is a non-final order. As the Tennessee Practice Series has explained:

> The trial court may relieve a party from a judgment by modifying or setting it aside, by granting a new trial, or by taking other appropriate action. An order granting a new trial or entailing further proceedings would be interlocutory and, therefore, not appealable as of right. The correct procedure for obtaining appellate review of an order granting a Tenn. R. Civ. P. 60.02 motion is by way of appeal from the final judgment after the new trial on the merits. On the other hand, an order denying relief would be final and immediately appealable as of right.

4 Tenn. Prac. *Rules of Civil Procedure Ann.* § 60:17 (4th ed.) (footnote omitted). "This is because an order granting a new trial [or setting aside a final judgment] does not end the litigation; rather, it 'ensure[s] that further proceedings [will] follow.'" *Id.* (quoting *State v. Miller*, No. 02C01-9708-CC-00300, 1998 WL 902592, at *3 (Tenn. Crim. App. Dec. 29, 1998)). Tennessee law, however, like New Mexico law, requires a final judgment in order to appeal as of right. *See* Tenn. R. App. P. 3(a). This rule was promulgated by our Tennessee Supreme Court in our procedural rules and even assuming, *arguendo*, that we have the authority to depart from it, we will not do so lightly. *Cf. Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (allowing appellate courts to suspend the finality requirements of Rule 3(a)) (discussed, *infra*).

Moreover, like our sister state, Tennessee courts have never recognized a per se exception to the finality rule where a trial court grants a Rule 60.02 to allow the appellate court to immediately review whether the trial court had jurisdiction to enter such an order. To do so would be anomalous where no immediate appeal right exists as to other orders involving lack of jurisdiction, including the denial of motions based on lack of personal or subject matter jurisdiction. *Cf. Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) ("[T]he denial of a motion to dismiss does not end a lawsuit or constitute a final judgment."). As such, this Court has reviewed a trial court's rulings with regard to lack of jurisdiction on appeal from the final judgment. *See Precision Castings of Tennessee, Inc. v. H & H Mfg. Co.*, No. M2012-00334-COA-R3-CV, 2012 WL 3608668, at *3 (Tenn. Ct. App. Aug. 22, 2012) (involving lack of personal jurisdiction). Such a rule would also conflict with Tennessee's stated policy against piecemeal appeals. *See Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 48 (Tenn. 2012) (noting Tennessee's "policy against piecemeal appeals").

Importantly, Tennessee jurisprudence already recognizes some general limited exceptions to the final judgment rule, including interlocutory appeals, see Tenn. R. App. P. 9, extraordinary appeals, see Tenn. R. App. P. 10, and appeals of separate claims or parties as provided by Rule 54.02 of the Tennessee Rules of Civil Procedure.[7] Should the

---

[7] Tennessee law also recognizes certain exceptions in specific cases, such as cases involving

trial court truly lack jurisdiction to grant a motion pursuant to Rule 60.02, we are likewise convinced that an interlocutory or extraordinary appeal may be appropriate to correct this error. *See* Tenn. R. App. P. 9(a) (allowing an interlocutory appeal where there is a need to prevent irreparable injury or needless litigation); Tenn. R. App. P. 10(a) (allowing an extraordinary appeal if the trial court "has so far departed from the accepted and usual court of judicial proceedings as to require immediate review"). It is important to note that Appellant did seek a Rule 9 interlocutory appeal, which was denied by this Court on the basis that, *inter alia*, no immediate appeal was needed to prevent needless litigation, the same argument that Appellant set forth in support of adoption of the jurisdictional exception. The denial of Appellant's motion for an interlocutory appeal is therefore simply no support for its argument that we should adopt an exception to our final judgment rule.

One final consideration convinces us that adoption of the jurisdictional exception is inappropriate under Tennessee law. As previously discussed, the federal jurisdictional exception has most often been utilized wherein the district court was deprived of jurisdiction by the untimeliness of the movant's Rule 60 motion. It is well-settled in Tennessee, however, that the expiration of an applicable statute of limitations does not deprive a court of subject matter jurisdiction. *See **Estate of Brown***, 402 S.W.3d 193, 198–99 (Tenn. 2013) ("True statutes of limitations do not constitute grants of subject matter jurisdiction but rather restrict the powers of a court to act on a claim over which it has subject matter jurisdiction. . . . A statute of limitations defense challenges the sufficiency of a particular claim, not the subject matter jurisdiction of the court in which the claim is filed."). Recently, this Court applied this rule to a limitations period contained in the Tennessee Rules of Civil Procedure. *See **Town & Country Jewelers, Inc. v. Trotter***, 538 S.W.3d 508 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Nov. 21, 2017). Specifically, we ruled that where a party failed to comply with the ten-year limitation period to renew judgments pursuant to Rule 69.04 of the Tennessee Rules of Civil Procedure, the trial court was not deprived of subject matter jurisdiction. ***Id.*** at 512–13 (basing its holding on the fact that the ten-year period in Rule 69.04 is based on the statute of limitations contained in Tenn. Code Ann. § 28-3-110(a)(2)).

Appellant does not cite nor has our research revealed a single Tennessee case in which it was held that the failure to timely file a Rule 60.02 motion deprived the trial court of subject matter jurisdiction to consider the motion. Indeed, at least one court appears by implication to have rejected such a formulation. *See **Green v. Champs-Elysees, Inc.***, No. M2013-00232-COA-R3-CV, 2014 WL 644726 (Tenn. Ct. App. Feb. 18, 2014). In ***Green***, the trial court denied a Rule 60.02 motion on two grounds: (1) that the trial court lacked subject matter jurisdiction because of a pending appeal; and (2) that the motion was untimely. ***Id.*** at *8. On appeal, the appellee argued that both rulings were correct and specifically argued that the untimeliness of the Rule 60.02 motion deprived

arbitration. These exceptions, however, are creatures of statute. *See, e.g.,* Tenn. Code Ann. § 29-5-319 (allowing an immediate appeal where, inter alia, the trial court denies a motion to compel arbitration).

the trial court of subject matter jurisdiction. Brief for Appellees, ***Green v. Champs-Elysees, Inc.***, 2013 WL 3779620, at \*15 (Tenn. Ct. App. June 28, 2013). This Court reversed as to whether a pending appeal deprived the trial court of subject matter jurisdiction, but affirmed the trial court's ruling that the Rule 60.02 motion was untimely. ***Green***, 2014 WL 644726, at \*8–\*9. Despite the appellees' argument, this Court declined to in any way hold that the untimeliness of the Rule 60.02 motion deprived the trial court of subject matter jurisdiction to consider the motion. ***Id.*** at \*9. Rather, we ruled that the trial court did not abuse its discretion in finding the motion untimely and without merit. ***Id.*** Accordingly, it appears that Rule 60.02 motions follow the general rule that expiration of a limitations period does not deprive the court of jurisdiction.[8]

Here, Appellant argues that the trial court lacked authority, i.e., lacked jurisdiction, to rule on Appellee's Rule 60.02 motion on two grounds: (1) timeliness, and (2) that the motion seeks relief encompassed by another rule, which actually goes to the timeliness of the motion pursuant to the correct ground. Unlike in federal courts, however, the timeliness of a Rule 60.02 does not deprive the trial court of jurisdiction to consider the motion. Thus, even if Appellant were to succeed in its argument that Appellee's Rule 60.02 motion was untimely, a "jurisdictional exception" would not provide support for an immediate appeal because this deficiency does not deprive the trial court of subject matter jurisdiction as a matter of law.

Instead, whether a motion alleges proper grounds and whether it is timely remain questions left to the trial court's discretion. *See* ***Hussey v. Woods***, 538 S.W.3d 476, 487 (Tenn. 2017) (applying the abuse of discretion standard to the question of whether the motion was timely); ***Federated Ins. Co. v. Lethcoe***, 18 S.W.3d 621, 624 (Tenn. 2000) ("Relief granted pursuant to Rule 60.02(5) is a matter within the trial court's discretion, and the trial court's decision will be reversed only for abuse of that discretion."). Such discretionary decisions, "regardless of their merit, rarely constitute the type of extraordinary departures from the usual and accepted course of judicial proceedings" necessary to justify an immediate appeal under Rule 10. *See* ***Gilbert v. Wessels***, 458 S.W.3d 895, 899 (Tenn. 2014) (involving discretionary evidentiary decisions). For the same reasons, these types of decisions do not necessitate adoption of a rule that allows an immediate appeal as of right of the trial court's decision to grant Rule 60.02 relief. Given that Tennessee law provides multiple avenues of review in this circumstance, we decline

---

[8] From our review, the only situation typically recognized to deprive the trial court of subject matter jurisdiction over a Rule 60.02 motion is the fact that jurisdiction has been vested in an another court. *See* ***Jacob v. Partee***, No. W2013-01078-COA-R3-CV, 2013 WL 5817450, at \*3 (Tenn. Ct. App. Oct. 30, 2013) (affirming denial of motion where the trial court lacked subject matter jurisdiction due to remand to the general sessions court); ***Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.***, 266 S.W.3d 421, 424 (Tenn. Ct. App. 2007) (affirming denial of motion because appeal divests trial court of subject matter jurisdiction to consider Rule 60.02 motion). That situation is not at issue in this appeal.

to adopt a per se rule allowing an immediate appeal of the grant of a Rule 60.02 motion as has been recognized in federal courts.

Finally, we address Appellant's alternative argument—that we should exercise our discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to consider this appeal notwithstanding the lack of final judgment. Rule 2 provides, in relevant part, that "[f]or good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, . . . ." Tenn. R. App. P. 2 (noting some exceptions not present here). The Tennessee Supreme Court has previously held that appellate courts have the power to suspend Rule 3(a)'s final judgment requirements upon a showing of good cause. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("[W]e find no bar to the suspension of Rule 3(a)."). The court held, however, that "there must be a good reason for suspension and the record should affirmatively show that the rule has been suspended." ***Id.***

We have previously found good cause to suspend the final judgment requirement, *inter alia*, where the judgment appealed adjudicated all of the rights of a party and a delay would prejudice the party's rights, *see **White v. Johnson***, 522 S.W.3d 417, 421 n.1 (Tenn. Ct. App. 2016); where the trial court's reasoning applied equally to both the adjudicated and non-adjudicated claims, *see **Utley v. Tennessee Dep't of Correction***, 118 S.W.3d 705, 711 n.9 (Tenn. Ct. App. 2003); where a case has been ongoing for over ten "tortured" years and is on its third appeal, *see **Ruff v. Raleigh Assembly of God Church, Inc.***, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *5 (Tenn. Ct. App. July 14, 2003); and where the judgment did not adjudicate claims against certain defendants but the pleadings contained "no competent allegations regarding the defendants in any of the pleadings." *See **Ravenwood Homeowners Ass'n v. Bailey***, No. C.A. 758, 1988 WL 87676, at *2 (Tenn. Ct. App. Aug. 26, 1988). *See also, e.g.,* ***Hopwood v. Hopwood***, No. M2016-01752-COA-R3-CV, 2017 WL 2964886, at *3 n.4 (Tenn. Ct. App. July 12, 2017) (suspending the finality requirements because of the "the grave nature of proceedings seeking to incarcerate litigants," despite the fact that the trial court did not rule on a request for attorney's fees); ***In Re Estate of Goza***, No. W2013-00678-COA-R3-CV, 2014 WL 7235166, at *3–4 (Tenn. Ct. App. Dec. 19, 2014) (suspending the finality requirement after consideration of "the immense amount of resources already expended in this litigation" in which the parties had "already attempted to litigate the same issue in three different courts"); ***In Re Estate of James***, No. E2012-01021-COA-R3-CV, 2013 WL 593802, * 7 (Tenn. Ct. App. Feb. 14, 2013) (suspending the finality requirement where the only issue left unadjudicated was "the issue of approving any additional fees and expenses that were incidental to the hearing or that were necessary to close the estate"); ***Simerly v. City of Elizabethton***, No. E2009-01694-COA-R3-CV, 2011 WL 51737, at *8 (Tenn. Ct. App. Jan. 5, 2011) (suspending the finality requirement where the trial court's order effectively adjudicated "all of the substantive claims and rights

between the parties, and all of the legal theories of recovery"); ***Parker v. Lambert***, 206 S.W.3d 1, 3–4 (Tenn. Ct. App. 2006) (suspending the finality requirement where the only issues left unadjudicated were the calculation of the amount of one party's attorney's fees and the "possibility" that the trial court would have to supervise the sale of property if the parties could not agree on a sales price or realtor); ***Rector v. Halliburton***, No. M1999-02802-COA-R3-CV, 2003 WL 535924, at *3 (Tenn. Ct. App. Feb. 26, 2003) (holding that judicial economy supported suspending the finality requirements where the trial court failed to rule on a request for punitive damages, but the court was able to consider the rest of the case on the merits and no prejudice would result to either party).

After reviewing Appellant's argument and the applicable caselaw, we decline to suspend the finality required of Rule 3(a). Unlike other cases, more than tertiary issues are left unadjudicated by the trial court's order. *See **In Re Estate of James***, 2013 WL 593802, * 7; ***Simerly***, 2011 WL 51737, at *8; ***Parker***, 206 S.W.3d at 3–4; ***Ravenwood***, No. C.A. 758, 1988 WL 87676, at *2. Nor has this case involved tortured litigation spanning decades and multiple appeals. *See **In Re Estate of Goza***, 2014 WL 7235166, at *3–4; ***Ruff***, 2003 WL 21729442, at *5. Likewise, the trial court's order does not adjudicate all of the claims raised by one party, see ***White***, 522 S.W.3d at 421 n.1, nor does it impose the possibility of incarceration upon one party. *See **Hopwood***, 2017 WL 2964886, at *3 n.4. Finally, the trial court's ruling with regard to the Rule 60.02 motion cannot be used to determine all of the remaining issues in the case. *See **Utley***, 118 S.W.3d at 711 n.9. As such, the situation presented in this case generally does not align with those cases where good cause has been shown.

Appellant contends, however, that suspension of the finality requirement is appropriate here on the basis of judicial economy and a desire to avoid "pointless duplication of efforts." We have previously held that in light of our disfavor of deciding piecemeal appeals, "judicial economy alone does not justify abandoning the requirement of finality." ***Williams v. Tennessee Farmers Life Reassurance Co.***, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011) (citing ***Brown v. John Roebuck & Associates, Inc.***, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)). As such, "we will not suspend Rule 3 as a mere convenience[.]" *Id.* Finally, this Court has previously held our discretion under Rule 2 should be utilized "'very sparingly, only in extraordinary circumstances.'" ***Harbin v. Jones***, No. W2012-01474-COA-R3-CV, 2013 WL 1249050, at *5 (Tenn. Ct. App. Mar. 28, 2013) (quoting ***Morgan Keegan & Co. v. Smythe***, No. W2010-01339-COA-R3-CV, 2011 WL 5517036, at *18 (Tenn. Ct. App. Nov. 14, 2011), *rev'd on other grounds*, 401 S.W.3d 595 (Tenn. 2013)). This Court has previously held in its motion denying the application for interlocutory appeal that Appellant failed to show an immediate appeal is necessary to prevent needless litigation or irreparable injury. Moreover, a discretionary decision rarely gives rise to the type of extraordinary circumstances necessitating immediate review. *See **Gilbert***, 458 S.W.3d at 899; ***Harbin***, 2013 WL 1249050, at *5.

Given all of the above considerations, we decline to exercise our discretion to suspend Rule 3(a)'s finality requirement in this particular case.

In sum, we decline to judicially adopt a per se rule allowing an immediate appeal as of right of an interlocutory order setting aside a final judgment or otherwise granting a new trial, where it is alleged that the motion was untimely. We also discern no good cause to suspend the finality requirement of Rule 3(a). In the absence of a final, appealable order, this Court lacks jurisdiction to consider this appeal. This appeal is therefore dismissed.

## Conclusion

This appeal is dismissed. Costs of this appeal are taxed to Appellant Levitt, Hamilton, and Rothstein, LLC, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE